# Exhibit B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3241068

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3241068** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$35,601.61** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 20243397A1296 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $35,601.61

Blue Cross Blue Shield of Kentucky submitted an offer of $28,676.25

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about March 16, 2024, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Blue Cross Blue Shield of Kentucky, did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Blue Cross Blue Shield of Kentucky is the non-prevailing party in DISP-3241068 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3241068 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Kentucky. The 90-calendar day cooling off period begins on January 2, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/20/2026
**IDR reference number:** DISP-1840206

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1840206** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$35,328.93** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024187QA1904 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $35,328.93

Blue Cross Blue Shield KY submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

The documents provided by both parties were analyzed. The NIP provided an offer of $0 valuation, which does not align with the value of the healthcare service provided or the amount previously allowed by the NIP. Therefore, the offer submitted by the IP was selected as the most appropriate out-of-network rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield KY is the non-prevailing party in DISP-1840206 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1840206 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield KY. The 90-calendar day cooling off period begins on **April 20, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/07/2026
**IDR reference number:** DISP-4782544

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4782544** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$24,846.72** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025182CD8282 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $24,846.72

Anthem Inc. submitted an offer of $10,397.06

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about June 8, 2024, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-4782544 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4782544 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 7, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/27/2026
**IDR reference number:** DISP-5893256

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5893256** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$35,601.61** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025182CD8282 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $35,601.61

Anthem Inc. submitted an offer of $14,445.18

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $35601.61 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, the air ambulance provider's quality or outcomes were described. This information is given significant weight. This quality and outcomes measurements factor impacted the payment determination. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, the patient's condition or the complexity of the transport was described. This information is given significant weight. This acuity factor impacted the payment determination. The non-initiating party did not submit this information.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, the training and experience of the medical personnel were described. This information is given significant weight. This level of training factor impacted the payment determination. The non-initiating party did not submit this information.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, the type of air ambulance vehicle and its clinical capabilities were described. This information is given significant weight. This air ambulance vehicle type factor impacted the payment determination. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, the population density of the pick-up location was described. This information is given significant weight. This population density factor impacted the payment determination. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, prior contracting efforts or historical contracted rates were described. This information is given significant weight. This demonstrations of good faith efforts factor impacted the payment determination. The non-initiating party did not submit this information.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The initiating party stated additional information relevant to the dispute was provided. This information is given significant weight. This additional information factor impacted the payment determination. The non-initiating party did not submit this information.

The QPA was given significant weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-5893256 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5893256 was PHI Health, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 27, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/30/2026
**IDR reference number:** DISP-2781935

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2781935** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$29,505.48** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024324CB9616 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

PHI Health, LLC submitted an offer of $29,505.48

Blue Cross Blue Shield Kentucky submitted an offer of $5,495.25

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

IPRO has completed its review of the payment dispute identified under case number DISP-2781935, involving the qualified IDR item or service billed under CPT code A0436. After a comprehensive evaluation of all documentation and arguments submitted by both parties, IPRO determines that the payment amount of $29,505.48, as offered by PHI Health, LLC, most accurately reflects the appropriate out-of-network (OON) rate for the service in question.

This determination was made in accordance with the requirements of the No Surprises Act and its implementing regulations under 45 CFR §149.510, which outline the criteria that certified IDR entities must consider when selecting between the payment offers submitted by the disputing parties.

In accordance with these requirements, IPRO considered the Qualifying Payment Amount (QPA) and all additional information submitted by both parties. Since the IDRE is not permitted to question the calculation or methodology of the QPA, the IDRE must assume that the QPA was calculated in accordance with the law. The following statutory and regulatory factors were considered:

• The quality and outcomes measurements of the provider that furnished the services. Moderate Significance

• The acuity of the condition of the participant, beneficiary, or enrollee or the complexity of furnishing the service to the participant, beneficiary, or enrollee. Highest Significance

• The level of training/experience/quality of the medical personnel. Highest Significance

• Air ambulance vehicle type, including clinical capability level of the vehicle. Lowest Significance

• Population density of the point of pick-up. Lowest Significance

• Demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other, and, if applicable, contracted rates during the previous 4 plan years. Moderate Significance

• Additional information submitted by a party. Lowest Significance

Additionally, the IDRE notes that the Non-Initiating Party (NIP), identified as the Health Plan, submitted an objection solely concerning the eligibility of the dispute and did not provide any additional persuasive arguments in support of its payment offer. Upon review, the IDRE has overruled the NIP's objection based on the totality of the evidence (or lack thereof) submitted by both parties.

Based on the totality of the evidence and the weight of the statutory factors, IPRO finds that the offer submitted by PHI Health, LLC best represents the value of the qualified IDR service. Accordingly, IPRO selects the offer of $29,505.48 by PHI Health, LLC as the appropriate out-of-network (OON) payment amount for DISP-2781935

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-2781935 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2781935 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on **June 30, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/23/2026
**IDR reference number:** DISP-4971490

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4971490** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$31,446.63** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024346EY1006 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $31,446.63

Anthem Inc. submitted an offer of $5,934.87

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about November 3, 2024, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-4971490 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4971490 was PHI HEALTH, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 23, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4415424

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4415424** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$35,601.61** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024325ET8343 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $35,601.61

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

This is a review for Claim #: 2024325ET8343. The service under review for the No Surprise Act is A0431 on 11/18/2024. The parties involved in this dispute are the Initiating Party, PHI Health, LLC, requesting the amount of $35,601.61, and the Non-Initiating Party, Anthem Inc., is offering the amount of $28,683.53.

The QPA was weighed equally with all credible, allowed additional information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was provided.

The initiating party stated, "PHI's safety and technology programs earned national recognition in 2007 and 2016 with the Association of Air Medical Services' Vision Zero Award. Ex. 17 (accolades earned by PHI and its staff); see also Ex. 4 (Julander Decl.). PHI's personnel have also earned many national safety awards, including (since 2014): the Jim Charlson Safety Award (Association of Air Medical Services), the Transport Mechanic's Award of Excellence (Association of Air Medical Services), Communicator of the Year (International Association of Medical Transport Communication Specialists), and Pilot of the Year (National EMS Pilots Association)." This information was weighted lower.

The acuity of the participant, beneficiary, or enrollee receiving the qualified IDR item or service, or the complexity of furnishing the qualified IDR item or service to the participant, beneficiary, or enrollee was provided.

The patient's acuity, as evidenced by the initiating party's submission of medical records was weighed highest.

The level of training, experience and quality of medical personnel that furnished the air ambulance services was provided.

The provider's training and experience, as evidenced by the submitted summary of their education and experience for all of the initiating party's providers in this dispute, was weighted higher.

The air ambulance vehicle type, including the clinical capability level of the vehicle was provided.

The air ambulance vehicle type, ROTOR (A0431), and capabilities, Blood, Tan trauma bag, Lucas, Spare cable bag, ACR Kids Restraints, Blue state bag, portable suction, ICU bag, vests/first aid, alaris infusion pump, revel, Zoll monitor/red Thomas bag, buddi lite, suction, med supplies, vent tubing, tie downs/charts, survival bag, RFM supplements 1 & 2, were weighted higher.

The population density of the point of pick-up was provided.

The population density, RURAL, of the point of pick-up by the air ambulance was weighted higher.

Demonstration of good faith efforts (or lack thereof) made by the provider or facility or the plan to enter into network agreements with each other, and, if applicable, contracted rates between the provider or facility, as applicable, and the plan during the previous 4 plan years, was provided.

The good faith efforts to enter into a network agreement, as evidenced by documentation dated 05/08/2024 presented by the initiating party, were weighted lower.

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-4415424 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4415424 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 16, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4444719

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4444719** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$38,455.68** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025008EL7941 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $38,455.68

Anthem Inc. submitted an offer of $7,033.92

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Provider Resources LLC (PRI) considered the QPA, and all non-prohibited compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI 's determination that PHI Health, LLC, the initiating party's offer best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI Health, LLC prevailed.

PRI considered the objection and determined that the dispute was eligible for review.

The QPA for the service at issue in this dispute (A0436) is $6,964.80. PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health, LLC.

The IP submitted information regarding:

• The quality and outcomes measurements of the provider of air ambulance services that furnished the service.

• The acuity of the condition of the participant, beneficiary, or enrollee receiving the services; and/or the complexity of providing services to the participant, beneficiary or enrollee.

• The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

• The air ambulance vehicle type, including the clinical capability level of the vehicle.

• The population density of the point of pick-up.

• Demonstration of good faith efforts (or lack thereof) made by the provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

• Qualified Payment Amount (QPA).

PHI Health, LLC argued that its offer is the appropriate out-of-network rate for the service at issue in this dispute and that the above-mentioned factors warrant selection of their offer as the appropriate out-of-network rate for the IDR item or service. For the above-mentioned reasons(s), PRI finds that the offer presented by PHI Health, LLC best represents the value of the qualified IDR service at issue in this dispute.

Resources

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

We also want to learn - from you - about what you need. As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at 855-479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4444719 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4444719 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 12, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the [No Surprises website] for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4915418

Capitol Bridge, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4915418** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Capitol Bridge, LLC has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025071BV9019 under this dispute.

Capitol Bridge, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of  $36,733.40

Anthem Inc. submitted an offer of  $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Ater considering the qualified item(s) or service(s) under dispute and all the evidence submitted by both parties and requested by Capitol Bridge, it is Capitol Bridge’s determination that the Initiating Party’s offer best represents the value of the qualified IDR item(s) or service(s) at issue in this dispute. Therefore, Capitol Bridge has determined the Initiating Party prevailed.

The Initiating Party, PHI Health, LLC, provided an offer and provided information about the following:

· The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

· The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee.

· The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

· The air ambulance vehicle type, including the clinical capability level of the vehicle.

· The population density of the point of pick-up.

· Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

· Additional information relevant to the submitted QPA.

The Non-Initiating Party, Anthem Inc., provided an offer and no further information.

In reviewing the above noted information, Capitol Bridge finds that the information from the Initiating Party on of the provider of air ambulance services that furnished the services, the acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee, and the level of training, experience, and quality of medical personnel that furnished the air ambulance services. The Initiating Party provided that PHI responded to a request for service from CHI Saint Joseph Health - London, KY to provide emergency air ambulance service to Patient Cornett, a male 65-year-old patient. When PHI arrived at the patient's location, Patient Cornett was suffering from an ischemic stroke. On the day of transport, the patient, who has a history of hypercholesterolemia and hypertension, presented to the sending facility with symptoms indicating a neurologic emergency, including altered mental status, left-sided extremity paralysis, and left facial droop. Diagnostic tests and assessment confirmed the patient was suffering from an occlusive/ischemic stroke. Complications related to a stroke include, but are not limited to, cognitive and emotional impairment, motor and sensory deficits, paralysis, ventilator dependence, coma, and death Due to the critical nature of the patient's condition and the need for advanced neurologic equipment and care that exceed the care provided by ground ambulance providers, Dr. Deskins, the attending physician, determined that immediate rapid air transport and advanced in-transit care was required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. This higher-level facility agreed to accept the patient, and Dr. Deskins determined that the benefits of the transfer outweighed the risks, certifying that the transfer was EMTALA-compliant. By ordering a transfer, Dr. Deskins aimed to improve the patient's chances of survival and recovery and prevent potential complications. The PHI Air Medical Ambulance arrived promptly, bringing its highly trained medical crew and advanced complement of on-hand medications, blood products and medical equipment and care to the scene. The PHI Air Medical team, comprised of a critical care registered nurse and a critical care paramedic, conducted a comprehensive pre-transport patient assessment, checking the patient's neurological (mental impairment), respiratory (open airway and breathing freely), cardiovascular (pulse and blood pressure), and cardiac (heart rate and rhythm) vitals, and conducting a comprehensive head-to-toe physical examination to identify any additional issues, noting the patient's condition and ensuring the patient was stabilized for safe transfer. During transport, the team applied the cardiac monitor, established additional intravenous access, closely monitored the patient's condition, and remained ready to address any emergent needs. Under the advanced care and supervision of the PHI Air Medical team, the patient was safely delivered to Baptist Health Lexington, where he could receive the specialized care necessary to treat his complex, emergent medical condition and improve his chances of a positive outcome. From the time of initial assessment through the completion of transport, Patient Cornett required treatment and continuous

monitoring by PHI's flight crew members. The Initiating party also provided that Kayla Patton and Leigh Scearse: Kayla Patton holds the following licensures and certifications: ACLS, BLS, CEN, NRP, PALS, and TCRN. Kayla Patton earned a BSN. Leigh Scearse holds the following licensures and certifications: ACLS, BLS, FP-C, NREMT Paramedic, NRP, PALS, and PHTLS.

This information made an impact on the provision of the service, demonstrating that the Initiating Party's offer best reflects the appropriate payment amount for this claim.

In determining which offer best represents the value of this service, Capitol Bridge gave the highest weight to information about the quality and outcomes measurements of the provider of air ambulance services that furnished the services, the acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee, and the level of training, experience, and quality of medical personnel that furnished the air ambulance services.

Capitol Bridge gave less weight to the QPA. The Non-Initiating Party provided no further information supporting their offer.

Accordingly, it is Capitol Bridge's determination that the Initiating Party's offer best represents the value of the qualified IDR item(s) or service(s) at issue in this dispute. Therefore, Capitol Bridge has determined the Initiating Party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Capitol Bridge, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-4915418 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4915418 was PHI Health, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 22, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Capitol Bridge, LLC. Include your IDR Reference number referenced above.

Thank you,

Capitol Bridge, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5876852

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5876852** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 260210003700 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

At issue is payment for ambulance service, conventional air services, transport, one way (rotary wing) (A0431).

45 Code of Federal Regulations (CFR) Section 149.510, sets forth that offers must be submitted not later than 10 business days after the selection of the certified IDR entity (IDRE). The plan or issuer and the provider, facility, or provider of air ambulance services must each submit to the certified IDRE an offer of an out-of-network rate expressed as both a dollar amount and the corresponding percentage of the qualifying payment amount represented by that dollar amount.

IDR Guidance for Certified IDREs (March 2023) details that if, by the deadline for the parties to submit offers, one party has not submitted an offer, the certified IDRE will select the other party's offer as the final payment amount.

The IDRE requested the offer and fee payments on April 20, 2026. The IDRE did receive payments from the initiating party and non-initiating party. However, a valid offer was only received from the initiating party for $36,733.40 for code A0431. It is noted that the IDRE did receive an offer from the non-initiating party; however, the offer did not include the plan type. The IDRE sent a follow up request on May 26, 2026; however, the requested information was not submitted. As a result, we are only able to consider the offer submitted by the initiating party to make a final determination. Therefore, the IDRE determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5876852 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5876852 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/02/2026
**IDR reference number:** DISP-5876853

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5876853** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$14,420.88** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 260210003700 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $14,420.88

Anthem Inc. submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $14,420.88 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $14,420.88 and provided the following information:

1. A statement that the QPA does not account the provider's superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider's aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the patient suffered from a postoperative neurologic emergency with a history of cerebrovascular disease and a previous hemicraniectomy for a hemorrhagic stroke one week prior to transport. The patient presented to the sending facility with an acute headache, nausea, vomiting, and swelling at the surgical site, indicating a potential hemorrhagic stroke. Due to the severity of the patient's

condition and the potential need for advanced airway management and hemodynamic equipment and care, ground emergency medical services determined that immediate rapid transport and advanced in-transit care was required for time sensitive emergency care to the facility where the patient previously received neurosurgery services and care. Upon arrival, the flight crew conducted a comprehensive pre-transport patient assessment. During transport, the team applied cardiac monitoring, administered oxygen therapy, closely monitored the patient's condition, and remained ready to address any emergent needs. Air transport was necessary for neurology, interventional neurology, neurosurgery, and neuro-intensive care services that were unavailable at the sending facility. There was a time-sensitive need for definitive treatment due to the high potential for neurological and hemodynamic deterioration during transport, the need for an expedited transport time, the unavailability of sufficient local ground transportation resources, the need to reduce out-of-hospital time, and the need for two critical care providers capable of managing an advanced airway and advanced medications, as well as providing advanced hemodynamic monitoring and critical care intervention services. Medical records were also submitted for review.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified flight paramedic, a certified registered flight nurse, and a pilot with three years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft's superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft's vehicle type and clinical capabilities are included for review.

6. A statement that the point of pick-up was rural and air transport was significantly faster than any ground-based alternative (54 minutes by ground versus 19 minutes by air).

7. A statement that the provider has long been committed to entering network agreements that provide mutual benefit to the provider, patient, and payer. Unfortunately, commercial payers frequently refuse to negotiate rates that reasonably value the provider's services. The provider's offers are consistent with prior agreements to reimburse.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $0.00 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $4,446.36, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In accordance with regulatory requirements, when the offer selected by the certified IDRE is less than the total of the initial payment and any cost-sharing amounts paid by the participant or beneficiary, the provider, facility, or air ambulance service provider is responsible for reimbursing the plan or issuer for the difference. In this case, the non-initiating party submitted an offer of $0.00. Under the applicable regulation, selection of a $0.00 offer requires the initiating party to refund the initial payment to the non-initiating party. However, a review of the supporting documentation submitted with the $0.00 offer did not provide sufficient evidence to justify that the initiating party is not entitled to any payment for the services rendered.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $14,420.88 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5876853 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5876853 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 2, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 02/24/2026
**IDR reference number:** DISP-4659935

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4659935** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025109BL0499 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

This is a review for Claim #: 2025109BL0499. The service under review for the No Surprise Act is A0431 on 4/12/2025. The parties involved in this dispute are the Initiating Party, PHI  Health, LLC, requesting the amount of $36733.40, and the Non-Initiating Party, Anthem Inc., is offering the amount of $28683.53.

The QPA was weighed equally with all credible, allowed additional information.

After a thorough review of the Notice of Offers and additional information submitted by both parties, the Initiating Party's offer best represents the value of this qualified IDR item or service.

The air ambulance vehicle type and capabilities, the training, and experience, the patient acuity, and the population density of the point of pick-up by the air ambulance, were heavily weighted

The QPA was given minimal weight.

Therefore, the prevailing party is the Initiating Party.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-4659935 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a

subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4659935 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **February 24, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-4825853

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4825853** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$11,199.50** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025115CK8235 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $11,199.50

Blue Cross Blue Shield Kentucky submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. In determining which offer best represents the value of the qualified IDR item or service, Maximus gave the highest weight to the information provided by the initiating party related to the level of training, experience, and quality of medical personnel that furnished the air ambulance services, acuity of the patient receiving the qualified IDR item or service and complexity of furnishing the item or service to the patient.

The initiating party submitted a position paper discussing the additional factors. Specifically, the initiating party submitted a curriculum vitae (CV) detailing the critical care teams many years of experience as flight nurses/medics. Furthermore, the initiating party submitted medical records. The patient was a 62-year-old female with an ischemic stroke. This was the closest available faculty with thrombectomy capabilities and neurological intensive care unit services. Air medical transfer time expedites access to these specialized services and minimizes out of hospital time - air transfer at 16 minutes, versus ground transport time at 40 minutes. Air medical transfer also ensures two critical care providers in attendance with the patient throughout the transfer to manage the ventilator/airway and provide medications outside the scope of practice of the ground service. The patient was brought to the emergency room via emergency medical services after her spouse found her with an altered mental status, aphasic with left-sided facial-droop and left sided weakness. The non-initiating party provided no further information in support of their offer.

Based on the information submitted, including the Qualifying Payment Amount (QPA), Maximus has determined the initiating party presented the offer that best represents the value of the qualified IDR item or service. Per 45 Code of Federal Regulations (CFR) 149.510(c)(4)(iii)(B) and 45 CFR 149.520(b)(2), after considering the QPA, certified IDR entities must consider information submitted by a party that relates to the factors listed above. Certified IDR entities cannot consider certain prohibited factors or information, as detailed in 45 CFR 149.510(c)(4)(v). Maximus correctly considered the information submitted by both parties for the factors listed above and did not consider any prohibited information submitted by either party to this dispute. Maximus has determined the initiating party presented the offer that best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-4825853 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4825853 was PHI Health, LLC. The initiating party’s NPI is 1033459524. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/09/2026
**IDR reference number:** DISP-5405414

Keystone Peer Review Organization, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5405414** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Keystone Peer Review Organization, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025115CK8235 under this dispute.

Keystone Peer Review Organization, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $17,102.26

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After reviewing the evidence and payment offers, Keystone Peer Review Organization, Inc. has concluded that the PHI HEALTH, LLC's proposed amount of $42009.05 for service code A0431 most accurately reflects the value of the eligible IDR services in dispute. As a result, Keystone Peer Review Organization, Inc. finds in favor of the PHI HEALTH, LLC.

In reaching this decision, Keystone Peer Review Organization, Inc. followed the criteria set forth in 45 CFR Section 149.510, which requires consideration of:

• The qualifying payment amount (QPA) for the relevant year for comparable items or services.

• Any additional information provided by the parties related to:

The quality and outcomes measurements of the provider that furnished such services.

The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

The training, experience, and quality of the medical personnel that furnished such services Ambulance vehicle type, including the clinical capability level of such vehicle.

Population density of the pick-up location (such as urban, suburban, rural, or frontier).

Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years.

Additional information submitted by a party.

The initiating party, PHI HEALTH, LLC, provided an offer of $42,009.05, and provided the following information:

1. A statement that PHI invests heavily in its medical personnel, requiring extensive training and certification, such as Certified Flight Registered Nurse (CFRN) and Certified Flight Paramedic (FP-C). The pilots have a mean tenure of 7.3 years, and aviation mechanics have a mean tenure of 7.3 years. The clinicians who provided services to Patient Kerr, Emma Hart and Amy McDonald, possess numerous licensures and certifications, including ACLS, BLS, CFRN, and PALS, with both holding advanced degrees. This high level of training and experience ensures safe and reliable emergency services, even in challenging conditions.

2. A statement that the population density of the pick-up location is a relevant factor in determining the out-of-network rate. Higher reimbursement rates for rural air ambulance services are recognized, as ground transportation is slower in these areas, and delays in care worsen outcomes. Providing services in less populated regions often requires longer flights without patients, which are not compensated by mileage payments. The specific pick-up location in Franklin County, Kentucky, is a rural area outside a Metropolitan Statistical Area, where air transport was significantly faster than ground alternatives. The expansive geographic regions used for QPA calculations fail to account for population density differences, and hospital-based providers' airbases closer to hospitals, compared to independent providers like PHI, result in different flight distances and uncompensated unloaded miles.

3. A statement that PHI's quality and outcome measurements are national recognized, evidenced by multiple awards from organizations like the American Heart Association and the Association of Air Medical Services. PHI's commitment to quality is further demonstrated by its accreditation through the Commission on Accreditation of Medical Transport Systems (CAMTS) and its participation in the Ground & Air Medical Quality Transport (GAMUT) Collaborative. The provider exceeds industry baselines in numerous metrics,

including ventilator use, capnography use, and a low rate of serious reportable events and vehicle crashes. PHI's safety record is superior to its competitors, with zero accidents in the last eight years. These high-quality metrics and safety standards support PHI's offers as reflecting the true value of its services.

4. A statement that the patient presented with an acute ischemic stroke, characterized by altered mental status, left-sided weakness, and aphasia, requiring emergent air ambulance transport to a Comprehensive Stroke Center for specialized treatment including a thrombectomy. Her condition rapidly deteriorated, necessitating intubation and mechanical ventilation, highlighting the critical need for advanced care and rapid transport to minimize neurological damage. The complexity and acuity of her condition, including the need for advanced ventilator management and neuro-intensive care services not available at the sending facility, supported the necessity of air ambulance services and a higher level of care.

5. A statement that PHI had long-standing network agreements with Blue Cross Blue Shield affiliates of Anthem, Inc. (now Elevance Health, Inc.) from November 2014 to December 2017. Anthem's refusal to update contractual terms or pay market rates, coupled with inefficient claims processing, led PHI to become an out-of-network provider. Anthem failed to adjust rates despite high inflation, with Indiana rates unchanged since 2014, and real terms declining by 23% for Indiana, 22% for Ohio and Kentucky, and 20% for Virginia between contract dates and termination. Anthem also consistently failed to pay claims within 90 days, with 783 claims overdue in 2022 and 119 still unpaid before the first agreement's termination. PHI has since requested negotiations for a new contract at reasonable rates, but Anthem has ignored this request.

6. A statement that the air ambulance vehicle used was a Bell Rotor Wing BH407 aircraft (N453R), featuring a 153-mph cruise speed, 387-mile range, and 2,300 lb useful load capacity. It is equipped to provide all five levels of care (Basic, Advanced, Emergency Critical, Intensive, and Specialty Care) as defined by CAMTS, exceeding federal requirements. The vehicle's capabilities, including advanced medical equipment like Zoll Monitors, Hamilton T1 ReVel ventilators, and a LUCAS 3 chest compression system, support the provider's offer for the out-of-network rate by demonstrating superior service value.

7. A statement criticizing the Qualifying Payment Amount (QPA) for being artificially low and potentially unreliable due to undisclosed contracts that may not be priced on a fee-for-service basis or based on an insufficient number of contracts. The provider argues that QPAs may be derived amounts, not reflecting market-based negotiations, and that federal courts have ruled against a presumption favoring QPAs. The provider's offers are based on inflation-adjusted average base and per-mile rates previously agreed upon by Blue Cross Blue Shield Companies nationally, reflecting the value of superior air ambulance services that exceed accreditation and regulatory baselines, especially given the patient's rural location and critical condition.

The non-initiating party, Anthem Inc., provided an offer of $17,102.26, and provided the following information:

1. A statement that there was a prior determination made on 2/25/26.

The IDRE reviewed both parties’ submissions and considered all required factors under the NSA. The provider in the prior claim cited has a different provider ID. The NIP offered less than the QPA. Based on this review, it rules in favor of the IP.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Keystone Peer Review Organization, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5405414 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5405414 was PHI HEALTH, LLC. The initiating party’s NPI is 1033459524. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 9, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Keystone Peer Review Organization, Inc.. Include your IDR Reference number referenced above.

Thank you,

Keystone Peer Review Organization, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4394393

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4394393** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$34,850.46** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025135BU2822 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $34,850.46

Anthem Inc. submitted an offer of $6,311.85

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $34,850.46 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (rotary wing) (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $34,850.46 and provided the following information:

1. Clinical information documented that the patient, a 63-year-old female, presented to the sending facility with acute-onset blindness in the right eye. Diagnostic tests and assessment determined she was suffering from a right ophthalmic artery thrombosis. Due to the severity of the patient's condition and the need for advanced care, the treating physician determined that immediate, rapid air transport and advanced in-transit care were required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. The higher-level facility agreed to accept the patient. The medical team, comprising a critical care registered nurse and a critical care paramedic, conducted a comprehensive pre-transport patient assessment and a thorough head-to-toe physical examination to ensure the patient was stable for safe transfer. During transport, the team applied the cardiac monitor, closely monitored the patient's condition, and remained ready to address any emergent needs. The medical team also communicated a detailed patient report to the receiving facility to ensure seamless handoff upon arrival. The patient was safely delivered to the receiving facility, where she could receive the specialized care necessary to treat her urgent medical condition and improve her chances of a positive outcome.

2. A statement that the provider has skilled medical clinicians, pilots, and aviation mechanics at all of its bases. The pilots and aviation mechanics exceed the federal minimum standards and undergo hours of initial

and yearly training. The pilots are required to practice single-engine rotor-wing "full-down" autorotation. Aviation mechanics are required to hold a mechanic's certificate with both airframe and powerplant ratings. They also have 18 airmen, who evaluate and instruct the provider's pilots at their own training facilities and at base locations.

3. The pilot involved in the transport has 14 years of flight experience. The medical team holds multiple certifications.

4. A statement that the provider operates in 16 states and maintains a fleet of 114 high-quality and well-equipped aircraft that are inspected daily. They have a fleet of 33 backup aircraft that are ready to fly at all times in the event that their 81 primary aircraft require maintenance. Every aircraft has night-vision goggles, emergency locator transmitters with upgraded military frequency. They invested in Zoll combination cardiac monitors, defibrillators, non-invasive blood pressure, and pulse oximeter devices, a Zoll monitor for aircraft at each of its bases, and maintain backup monitors in each state in which it operates. Zoll devices monitor the rate and depth of chest compressions during cardiopulmonary resuscitation, providing real-time feedback to clinicians to modify either as needed and leading to enhanced patient outcomes. Many of their aircraft are equipped with the Lund University Cardiopulmonary Assist System (LUCAS) chest compression system and universal blood products. Their aircraft are equipped with ventilators, fetal heart monitors, neonatal isolettes, and cardiosave devices. The airbases are stocked with 68 pharmaceutical products.

5. The air ambulance vehicle type was an Airbus Rotor Wing EC135P2 (H135) aircraft, featuring a cruise speed of 157 miles per hour, a range of 393 miles, a useful load capacity of 3,124 pounds, and a rupture-resistant fuel line. The aircraft's standard cabin door with a 54-inch opening facilitates quick and easy patient loading and unloading. This aircraft is operated by one pilot and accommodates up to three clinicians.

6. A statement that the provider exceeds the standards set by the Commission on Accreditation of Medical Transport Systems (CAMTS) in all services provided, including basic care, advanced care, emergency critical care, intensive care, and specialty care. They participate in the Ground & Air Medical Quality Transport (GAMUT) Collaborative and meet or exceed their benchmark.

7. A statement that the location of pick-up was a remote location in Wayne County, Kentucky. The location was approximately 101 miles from the point of pickup by road and ground ambulances would have resulted in estimated transport times of 120 minutes by ground compared to 42 minutes by air. The point of pickup was less densely populated than the geographic region used to determine the QPA.

8. A statement that the provider had a long-standing agreement with the health plan, which it entered into in August 2016 in Kentucky. The agreement covered certain air ambulance services provided by the provider. Due to the health plan's refusal to negotiate updated contractual terms or pay market rates for PHI's services, together with the failure to process claims in a timely and efficient manner, the contract was terminated in September 2023. In May 2024, the provider expressed its willingness to enter into a network agreement with fair and reasonable terms; however, the health plan has not responded to the request to negotiate.

9. A statement that the QPA does not reflect any of the considered factors and may exclude risk-sharing, bonus, or other incentive-based or retrospective payments. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

The non-initiating party, Anthem Inc., provided an offer of $6,311.85 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA.

In reviewing the QPA, which was $6,311.85, and the above-noted information submitted by both parties, C2C finds the initiating party's evidence of patient acuity involving a 63-year-old female, who presented to the sending facility with acute-onset blindness in the right eye and was ultimately diagnosed with a right ophthalmic artery thrombosis. Due to the severity of the patient's condition, rapid air transport was required to transport her to the nearest facility with ophthalmology, ophthalmic surgery, and intensive care services. Additionally, the provider operates in 16 states and maintains a fleet of 114 aircraft that are inspected daily. They invested in their aircraft to provide non-standard, high-quality medical equipment to better care for patients during transport. Also, the provider exceeds the standards set by the CAMTS in all services provided and participates in the GAMUT Collaborative and meets or exceeds their benchmark. These are compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence regarding the patient's severe acuity and the complexity of services, the aircraft capabilities, and quality outcomes, were the most persuasive and supported the higher offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $34,850.46 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4394393 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4394393 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 8, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4501519

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4501519** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025155CE7074 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $36,733.40 best represents the value of the qualified IDR service, rotary wing air transport (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $36,733.40 and provided the following information:

1. A statement that the provider invests heavily in its team of skilled medical clinicians, pilots, and aviation mechanics at all its bases. The physician in this case is board-certified in emergency medicine. The physician graduated from medical school in 1994. The physician’s curriculum vitae was provided.

2. A statement that the population density of the point of pick-up was rural.

3. A statement that as of April 2025, the provider maintained a fleet of 114 high-quality and well-equipped aircraft to provide superior and reliable care to the patients and communities. The provider’s air ambulances are equipped to exceed the requirements of state and federal regulators.

4. A statement that the provider had previous agreements with the health plan’s affiliates. The provider’s evidence of good-faith efforts to enter into a network agreement documents the offers as the appropriate out-of-network rates. The provider has since asked the health plan to enter negotiations for a contract that would restore the provider to the health plan’s provider network at reasonable rates. The health plan has so far ignored the provider’s request.

5. A statement that the 19-year-old male patient suffered several traumatic injuries when he lost control of his motorcycle and crashed into a ditch. The patient was ejected from the motorcycle and lost consciousness. The patient was suffering from a traumatic brain injury. The patient required air ambulance transport due to the severity of his injuries. The patient required transport to a level one trauma center for trauma, neurology, surgery, and trauma intensive care services not available locally.

The non-initiating party, Anthem Inc., provided an offer of $28,683.53 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $28,683.53, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $36,733.40 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4501519 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4501519 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 16, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-5245811

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5245811** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025154CV3986 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about May 25, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5245811 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5245811 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-5245812

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5245812** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$19,227.84** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025154CV3986 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $19,227.84

Anthem Inc. submitted an offer of $5,223.60

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about May 25, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5245812 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5245812 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-4775854

Keystone Peer Review Organization, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4775854** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, Keystone Peer Review Organization, Inc. has determined that the out-of-network payment amount of $36,733.40 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025182BY6698 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
Keystone Peer Review Organization, Inc. did not receive an offer and/or fees from Anthem Inc. . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Keystone Peer Review Organization, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4775854 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4775854 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 16, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Keystone Peer Review Organization, Inc.. Include your IDR Reference number referenced above.

Thank you,

Keystone Peer Review Organization, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4828472

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4828472** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025181EP3798 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Provider Resources, LLC (PRI) considered the QPA, all non-prohibited, compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI's determination that the offer presented by PHI HEALTH, LLC, the initiating party, best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI HEALTH, LLC prevailed.

PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI HEALTH, LLC.

**Level of Training, Experience, Quality of Medical Personnel**

PHI HEALTH, LLC submitted information demonstrating the training, experience, and quality of the medical personnel that furnished the qualified air ambulance services. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the training, experience, and quality of the medical personnel that furnished the qualified air ambulance services.

**Acuity of the participant, or complexity of furnishing item or service**

PHI HEALTH, LLC submitted information demonstrating the acuity of the patient receiving the qualified air ambulance services, or the complexity of furnishing such services to the patient. Provider Resources, LLC (PRI) gives significant weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the acuity of the patient receiving the qualified air ambulance services, or the complexity of furnishing such services to the patient.

**Quality and Outcome Measurements**

PHI HEALTH, LLC submitted information demonstrating the quality and outcomes measurements of the provider of air ambulance services that furnished the services. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the quality and outcomes measurements of the provider of air ambulance services that furnished the services.

**Air Ambulance Vehicle Type**

PHI HEALTH, LLC submitted information demonstrating the ambulance vehicle type, including the clinical capability level of the vehicle. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the ambulance vehicle type, including the clinical capability level of the vehicle.

**Population Density at Point of Pickup**

PHI HEALTH, LLC submitted information regarding the population density of the point of pick-up for the air ambulance. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information regarding the population density of the point of pick-up for the air ambulance.

**Good Faith Efforts**

PHI HEALTH, LLC submitted information demonstrating the good faith efforts (or lack thereof) made by the out-of-network provider of air ambulance services or the plan to enter into network agreements with each other. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the good faith efforts (or lack thereof) made by the out-of-network provider of air ambulance services or the plan to enter into network agreements with each other.

**Good Faith Efforts - Prior Contract**

PHI HEALTH, LLC submitted information demonstrating contracted rates between the provider and the plan during the previous 4 plan years. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating contracted rates between the provider and the plan during the previous 4 plan years.

**Good Faith Efforts - Multiplan**

PHI HEALTH, LLC did not submit information demonstrating that a prior agreement through the Multiplan, Inc. network existed.

Anthem Inc. did not submit information demonstrating that a prior agreement through the Multiplan, Inc. network existed.

**Additional Information - Fair Health Data**

PHI HEALTH, LLC did not present data from the Fair Health database.

Anthem Inc. did not present data from the Fair Health database.

**Additional Information - Other**

PHI HEALTH, LLC did not present additional information.

Anthem Inc. did not present additional information.

**QPA Addressed**

PHI HEALTH, LLC submitted information regarding the QPA for the applicable year for the qualified IDR item or service. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information regarding the QPA for the applicable year for the qualified IDR item or service.

PRI has considered the QPA and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI HEALTH, LLC. Therefore, PRI has determined that the initiating party prevailed.

**Resources**

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

***We also want to learn - from you - about what you need.*** As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources, LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at (855) 479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4828472 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4828472 was PHI HEALTH, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 28, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-4839634

Keystone Peer Review Organization, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4839634** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

Because only one party, PHI HEALTH, LLC , submitted an offer and paid the corresponding fees, Keystone Peer Review Organization, Inc. has determined that the out-of-network payment amount of $27,239.44 offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025181EP3798 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
Keystone Peer Review Organization, Inc. did not receive an offer and/or fees from Anthem Inc. . As a result, the certified IDR entity has found in favor of PHI HEALTH, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Keystone Peer Review Organization, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4839634 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4839634 was PHI HEALTH, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 29, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Keystone Peer Review Organization, Inc.. Include your IDR Reference number referenced above.

Thank you,

Keystone Peer Review Organization, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**Payment determination date:** 06/22/2026
**IDR reference number:** DISP-6037812

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6037812** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of $36,733.40 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025227BW6312 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
C2C Innovative Solutions, Inc. did not receive an offer and/or fees from Anthem Inc. . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6037812 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6037812 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-6037813

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6037813** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$27,239.44** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025227BW6312 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $27,239.44

Anthem Inc. submitted an offer of $7,400.10

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

At issue is payment for rotary wing air mileage, per statute mile (A0436).

45 Code of Federal Regulations (CFR) Section 149.510, sets forth that offers must be submitted not later than 10 business days after the selection of the certified IDR entity (IDRE). The plan or issuer and the provider,

facility, or provider of air ambulance services must each submit to the certified IDRE an offer of an out-of-network rate expressed as both a dollar amount and the corresponding percentage of the qualifying payment amount represented by that dollar amount.

IDR Guidance for Certified IDREs (March 2023) details that if, by the deadline for the parties to submit offers, one party has not submitted an offer, the certified IDRE will select the other party's offer as the final payment amount.

The IDRE requested the offer and fee payments on May 5, 2026. The IDRE did not receive payment from the non-initiating party. As a result, we are only able to consider the offer submitted by the initiating party to make a final determination. An offer was received from the initiating party for $27,239.44 for code A0436. Therefore, the IDRE determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6037813 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6037813 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5400019

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5400019** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025210ER8674 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about June 26, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5400019 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5400019 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5400020

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5400020** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$32,046.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025210ER8674 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $32,046.40

Anthem Inc. submitted an offer of $8,706.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about June 26, 2025.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5400020 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5400020 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4232178

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4232178** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025196ET0321 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe

the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Quality Outcomes;(2) Acuity of condition, complexity of services;(3) Training, experience and quality (necessary to treat the condition);(4) Ambulance vehicle type

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IDRE notes that the NIP (Health Plan) only submitted an objection to the eligibility of the dispute and did not submit any other persuasive argument in its favor. The IDRE has overruled the NIP’s objection based on the evidence (or lack thereof) provided by the parties. The IP (Provider) however submitted a brief and a persuasive argument in its favor. Based on the evidence submitted, the IDRE ruled in favor of the IP (provider). While the IDRE appreciates the information provided regarding Health Plan's QPA not being an accurate reflection of appropriate OON rates, the information provided goes to the QPA calculation and/or Congress’s decision to implement the QPA process, which the regulations state "it is not the role of the IDR to determine whether the QPA has been calculated correctly by the plan or issuer."

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party’s offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Anthem Inc. is the non-prevailing party in DISP-4232178 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4232178 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on February 4, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/27/2026
**IDR reference number:** DISP-5472464

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5472464** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025190CH5277 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about July 1, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5472464 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5472464 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 27, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5093736

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5093736** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$38,455.68** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025198CC0638 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $38,455.68

Anthem Inc. submitted an offer of $10,447.20

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about July 9, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5093736 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5093736 was PHI HEALTH, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**Payment determination date:** 04/15/2026
**IDR reference number:** DISP-5392758

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5392758** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

Because only one party, PHI HEALTH, LLC , submitted an offer and paid the corresponding fees, MCMC Services, LLC has determined that the out-of-network payment amount of $36,733.40 offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025199CB4913 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
MCMC Services, LLC did not receive an offer and/or fees from Anthem Inc. . As a result, the certified IDR entity has found in favor of PHI HEALTH, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-5392758 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5392758 was PHI HEALTH, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 15, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/04/2026
**IDR reference number:** DISP-5207568

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5207568** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$13,219.14** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025200CZ4091 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $13,219.14

Anthem Inc. submitted an offer of $3,915.45

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $13219.14 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children’s Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, "entilator use in patients with an advanced airway – total20 and adult

Use of waveform capnography in patients with an advanced airway – total, adult,

pediatric, and neonatal

First attempt tracheal tube success – pediatric

Placement of appropriately sized cuffed tracheal tube for pediatric patients

Use of lung protective ventilation – pediatric and adult

Reliable pain assessments

Prevention of unintended neonatal hypothermia

Early monitoring of patient temperature

Rate of serious reportable events (SREs)

Rate of medical equipment failure

Rate of transport-related patient injuries

Rate of vehicle crash/collision" This information is given minimal weight. This quality and outcomes measurements factor impacted the payment determination. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, "The “acuity of the condition of the Patient” and “the complexity of furnishing the service

to the Patient” are relevant factors to be considered in determining which offer to select. 26 C.F.R.

§ 54.9817-2T(b)(2)(ii), 29 C.F.R. § 2590.717-2(b)(2)(ii), 45 C.F.R. § 149.520(b)(2)(ii). Credible

evidence demonstrates that Patient Malechi Baker both was suffering from an acute medical

condition and required complex care from PHI. This evidence shows the high value of PHI's air ambulance services and supports selecting PHI's offer as the appropriate out-of-network rate.

In this case, PHI responded to a request for service from Webster County Emergency Medical Services (EMS) to provide emergency air ambulance service to Patient Baker, a male 28-year-old patient. The flight dispatch record is attached as Exhibit 7.

When PHI arrived at the patient's location, Patient Baker was suffering from a traumatic brain injury. On the day of transport, the patient suffered several traumatic injuries when he was the passenger in a vehicle that crashed into another vehicle. The patient had to be extricated from the wreckage, and one other person in the passenger compartment was killed by the crash. Ground EMS was called to the scene of the accident, where the patient presented with an altered mental status, laceration to the forehead, laceration to the left elbow, left shoulder pain, and right wrist pain. Due to the severity of the patient's injuries and the need for advanced equipment and care

unavailable locally, field triage guidelines required, and ground EMS determined that immediate rapid transport and advanced in-transit care was required for time-sensitive emergency care to the nearest appropriate facility equipped to provide the required treatment. By ordering rapid air transport, ground EMS aimed to improve the patient’s chances of recovery and prevent potential complications, including traumatic brain injury, fractures, infection, intracranial hemorrhage, hydrocephalus, brain damage, coma, seizures, memory loss, and death" This information is given some weight. This acuity factor impacted the payment determination. The non-initiating party did not submit this information.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, "Pilot: Richard Larson has 35 years of flight experience, including 17 years flying air ambulances for PHI. See Ex. 16 (résumés); Ex. 4 (Julander Decl.) ¶ 18.

Clinicians: Christopher Houchin and Kimberly Vender: Christopher Houchin holds the following licensures and certifications: ACLS, BLS, CCEMTP, FP-C, ITLS Instructor, NREMT Paramedic, NRP, and PALS. Christopher Houchin's accolades include: Paramedic of the year, Medical Center EMS 2000Paramedic of the year, Medical Center EMS 2007Regional Paramedic of the Month, Air Evac Lifeteam February 2018. Kimberly Vender holds the following licensures

and certifications: ACLS Instructor, AMLS, BLS, CFRN, ITLS, NREMT EMT, NRP, and PALS

Instructor. Kimberly Vender earned a BSN. See Ex. 16 (résumés); Ex. 4 (Julander Decl.) ¶ 19.

Credible evidence of the training, experience, and quality of the personnel thus supports

selecting PHI's offers as the appropriate out-of-network rates" This information is given some weight. This level of training factor impacted the payment determination. The non-initiating party did not submit this information.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, "The "ambulance vehicle type, including the clinical capability level of the vehicle," are

relevant factors to be considered in determining which offer to select. 26 C.F.R. § 54.9817-

2T(b)(2)(iv), 29 C.F.R. § 2590.717-2(b)(2)(iv), 45 C.F.R. § 149.520(b)(2)(iv). PHI's high-quality

and well-equipped aircraft permit PHI to deliver a high level of care to its patients, including



STRICTLY CONFIDENTIAL — COMMERCIALLY

SENSITIVE INFORMATION & IIHI — NOT SUBJECT

TO DISCLOSURE UNDER FOIA — DO NOT

Patient Baker. The credible evidence set forth below regarding PHI's aircraft establishes that PHI's offers best represent the value of PHI's services and supports selecting PHI's offers as the appropriate out-of-network rates.

As of April 2025, PHI maintained a fleet of 114 high-quality and well-equipped aircraft to provide superior and reliable care to the patients and communities that PHI serves. Ex. 4 (Julander Decl.) ¶ 5. PHI's air ambulances are equipped to exceed the requirements of state and federal regulators.34 Ex. 14 (equipment list). PHI's aircraft are inspected daily by a certified mechanic and prior to every flight by the pilot, which assures that our fleet maintains a 96.3% in-service rate and supports safe missions. Ex. 4 (Julander Decl.) ¶ 6.

For Patient Baker, PHI utilized an Airbus Rotor Wing EC135P2+ (H135) aircraft (tail number N370PH). The Airbus Rotor Wing EC135P2+ (H135) aircraft permits PHI to deliver high-

quality air ambulance services due to features including a 157 mph cruise speed, 393 mile range, 3,124 lb. useful load capacity, and key safety features, such as a rupture resistant fuel line. The aircraft's standard clam shell door with a 54-inch opening facilitates quick and easy patient loading and unloading. In the EMS configuration, PHI operates the Airbus Rotor Wing EC135P2+ (H135) with 1 pilot, and accommodate up to 3 clinicians to care for PHI's patients.35 A list of equipment that PHI carries on this aircraft is attached as Exhibit 14.

This aircraft's superior equipment and features allow PHI to offer specialized services beyond those that are required of air ambulance providers" This information is given some weight. This air ambulance vehicle type factor impacted the payment determination. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, "The "[p]opulation density of the point of pick-up" is another relevant factor when determining which offer to select. 26 C.F.R. § 54.9817-2T(b)(2)(v), 29 C.F.R. § 2590.717-2(b)(2)(v), 45 C.F.R. § 149.520(b)(2)(v). Payors, including Medicare, have long recognized the need to reimburse for rural air ambulance service at higher rates. See, e.g., 42 C.F.R. § 414.610(c)(2), (5) (increasing Medicare air ambulance reimbursements in rural and frontier zones).

Low-density points of pickup support higher reimbursement for air ambulances because the only



STRICTLY CONFIDENTIAL — COMMERCIALLY
SENSITIVE INFORMATION & IIHI — NOT SUBJECT
TO DISCLOSURE UNDER FOIA — DO NOT
DISCLOSE WITHOUT PRIOR NOTICE TO PHI

alternative—ground transportation—takes far longer in such areas. Any delay in bringing trauma, cardiac, and stroke victims to definitive care is strongly correlated with worse health outcomes for these patients. See above at p. 15. Moreover, providing air ambulance services in less densely populated regions frequently requires independent air ambulance providers, like PHI, to fly longer distances without a patient on-board and, therefore, not included in distance used to calculate mileage payments. Credible evidence concerning the population density of Webster County, Kentucky—where PHI picked up Patient Baker—shows that PHI's offer best represents the value

of its air ambulance services and is the appropriate out-of-network rate.

In this case, PHI picked up Patient Baker at zip code 42455. This is a rural area located in

Webster County, Kentucky.50 Webster County had a population of 13,017 as reported in the 2020

Census.51 This point of pickup is outside a Metropolitan Statistical Area (MSA).52 Webster County

had a population density of 39.00 people per square mile compared to 75.49 people per square

mile within the Kentucky Non-MSA Region as a whole. Thus, the pickup location was less densely

populated than the geographic region used to determine the QPA" This information is given some weight. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, "The “good faith efforts (or lack thereof) made by the nonparticipating provider of air

ambulance services or the plan or issuer to enter into network agreements with each other” are

relevant factors to be considered in determining which offer to select. 26 C.F.R. § 54.9817-

2T(b)(2)(vi), 29 C.F.R. § 2590.717-2(b)(2)(vi), 45 C.F.R. § 149.520(b)(2)(vi). Credible evidence



STRICTLY CONFIDENTIAL — COMMERCIALLY

of such efforts shows that PHI's offers best represent the value of PHI's air ambulance services and supports selecting PHI's offers as the appropriate out-of-network rates.

PHI had long-time network agreements with Blue Cross Blue Shield affiliates of Anthem, Inc. (now known as Elevance Health, Inc.), which it entered between November 2014 and December 2017. Ex. 20 (Greer Decl.) ¶ 2–5. Those agreements covered certain air ambulance services provided by PHI in Indiana as well as in Kentucky, Ohio, and Virginia. Id. Unfortunately, Anthem's refusal to negotiate updated contractual terms or pay market rates for PHI's services, together with Anthem's failure to process claims in a timely and efficient manner, required PHI to become an out-of-network provider.

Anthem failed to adjust the rates paid to PHI despite periods of historically high inflation.

For example, for transports in Indiana, Anthem had not increased the rates it paid to PHI since 2014. Ex. 20 (Greer Decl.) ¶ 2. As a result, the rates paid by Anthem under the Indiana network agreement decreased 23% in real terms between the agreement's effective date in November 2014 and termination of the contract in August 2023.53 Id. For Ohio and Kentucky transports, payment rates declined 22% in real terms between those contracts' August 2016 effective date and their September 2023 termination. Ex. 20 (Greer Decl.) ¶ 4-5. For transports in Virginia, rates declined 20% in real terms between the time of the parties' agreement in August 2017 and the agreement's termination in September 2023. Ex. 20" This information is given some weight. This demonstrations of good faith efforts factor impacted the payment determination. The non-initiating party did not submit this information.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The QPA was given no weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-5207568 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5207568 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 4, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4739706

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4739706** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025210EX2103 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Blue Cross Blue Shield Kentucky submitted an offer of $28,683.53

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their

offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-4739706 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4739706 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on January 2, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4739707

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4739707** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$42,862.06** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025210EX2103 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,862.06

Blue Cross Blue Shield Kentucky submitted an offer of $8,463.70

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the information submitted for the additional factors above. Maximus also reviewed objections by the non-initiating party and determined the objections are invalid and this case is timely filed and eligible for arbitration based on the information in the record. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and the level of training and experience of the medical personnel that furnished the item or service. The non-initiating party resubmitted invalid objections with no information for the additional factors. Based on the information provided for the acuity of the patient or the complexity of

rendering the item or service, and the level of training and experience of the medical personnel, the initiating party has demonstrated their offer is more appropriate for the item or service in dispute. After reviewing the information submitted by both parties, including the QPA, acuity or complexity, and level of training, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-4739707 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4739707 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on January 8, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/29/2026
**IDR reference number:** DISP-5843127

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5843127** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025217FE8181 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $12,090.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $36,733.40 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $36,733.40 and provided the following information:

1. A statement that the QPA does not account the provider's superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider's aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the eight-month-old patient suffered from a congenital cardiovascular complication, including symptoms of vomiting and low oxygen saturation. The patient's medical history was significant for Down syndrome, stent placement, cardiac arrest, and Tetralogy of Fallot, and he was previously established at another facility with heart surgery pending. The sending facility confirmed that the patient required the need for advanced medical equipment and care that exceeded the care provided by ground ambulance providers. It was determined that immediate rapid air transport and advanced in transit care was required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. Upon arrival, the flight crew conducted a comprehensive physical examination, noting the patient's condition and ensuring the patient was stabilized for transport. During transport, the flight crew applied monitors, administered oxygen, closely monitored the patient's condition, and remained read to address any emergency needs. The patient's presenting clinical status supported the needs for immediate pediatrics, cardiovascular, cardiothoracic, surgery, and intensive care services. Medical records were also submitted for review.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified flight paramedic, a certified registered flight nurse, and a pilot with 35 years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft's superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft's vehicle type and clinical capabilities are included for review.

6. A statement that the provider had long-time network agreements with the plan, which it entered between November 2014 and December 2017. Unfortunately, the plan's refusal to negotiate updated contractual terms or pay market rates for the provider's services required the provider to become out-of-network. The provider has since asked the plan to enter negotiations for a contract that would restore reasonable network rates; however, the plan has so far ignored these efforts to enter into a network agreement.

7. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $12,090.00 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $12,090.00, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $36,733.40 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5843127 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5843127 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 29, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/29/2026
**IDR reference number:** DISP-5843129

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5843129** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$58,484.68** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025217FE8181 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $58,484.68

Anthem Inc. submitted an offer of $17,828.06

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $58,484.68 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $58,484.68 and provided the following information:

1. A statement that the QPA does not account the provider's superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider's aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the eight-month-old patient suffered from a congenital cardiovascular complication, including symptoms of vomiting and low oxygen saturation. The patient's medical history was significant for Down syndrome, stent placement, cardiac arrest, and Tetralogy of Fallot, and he was previously established at another facility with heart surgery pending. The sending facility confirmed that the patient required the need for advanced medical equipment and care that exceeded the care provided by ground ambulance providers. It was determined that immediate rapid air transport and advanced in transit care was required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. Upon arrival, the flight crew conducted a comprehensive physical examination, noting the patient's condition and ensuring the patient was stabilized for transport. During transport, the flight crew applied monitors, administered oxygen, closely monitored the patient's condition, and remained ready to address any emergency needs. The patient's presenting clinical status supported the needs for immediate pediatrics, cardiovascular, cardiothoracic, surgery, and intensive care services. Medical records were also submitted for review.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified flight paramedic, a certified registered flight nurse, and a pilot with 35 years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft's superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft's vehicle type and clinical capabilities are included for review.

6. A statement that the provider had long-time network agreements with the plan, which it entered between November 2014 and December 2017. Unfortunately, the plan's refusal to negotiate updated contractual terms or pay market rates for the provider's services required the provider to become out-of-network. The provider has since asked the plan to enter negotiations for a contract that would restore reasonable network rates; however, the plan has so far ignored these efforts to enter into a network agreement.

7. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $17,828.06 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $17,828.06, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $58,484.68 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5843129 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5843129 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 29, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4828882

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4828882** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025217FE2522 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $36,733.40 best represents the value of the qualified IDR service, rotary wing air transport (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $36,733.40 and provided the following information:

1. A statement that the 42-year-old female patient was suffering from a brain mass at the time of transport. Furthermore, the patient, who has a history of breast cancer with a double mastectomy, presented to the sending facility for evaluation of severe dizziness, an altered mental status, and a syncopal episode. Diagnostic tests and an assessment determined that the patient was suffering from an intracranial mass in the parietal lobe with a one-millimeter midline shift. Moreover, a statement that complications of a brain mass include but are not limited to seizures, intracranial swelling, memory loss, confusion, fatigue, vascular damage, cognitive impairment, and death. Due to the severity of the patient's condition and the need for advanced equipment and care that exceed the care provided by ground ambulance providers, the attending physician determined that immediate rapid air transport and advanced in-transit care was required. Furthermore, a higher-level facility agreed to accept the patient, and the transport was arranged to improve the patient's chances of recovery. Further statements that the flight team conducted a comprehensive pre-transport patient assessment, administered intravenous nausea medication in flight, and closely monitored the patient's status. Evidence of the patient's medical records is provided.

2. A statement that the health plan's QPA in this case was likely calculated using hospital and hospital groups' rates and are thusly unreliable. Furthermore, the health plan ignored the provider's requests for information about the underlying data used to calculate the QPA. The provider argues that the QPA has not been correctly calculated. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

3. A statement that the health plan's companies and the provider have memorialized some of their payment agreements in formal written contracts.

4. Statements that support the training and the experience requirements of the provider's on-duty team are provided. Additionally, a statement that these qualifications exceed national standards.

5. Evidence regarding the provider's air ambulance vehicle and its clinical capabilities is provided.

6. Evidence that the population density of the pick-up location is rural.

7. The provider’s accolades, accreditation of its programs, and participation in a quality collaborative are specified.

The non-initiating party, Anthem Inc., provided an offer of $28,683.53 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the five circumstances.

In reviewing the QPA, which was $28,683.53, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the five circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $36,733.40 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4828882 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4828882 was PHI HEALTH, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 20, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/23/2026
**IDR reference number:** DISP-4709553

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4709553** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$33,648.72** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025233ET3801 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $33,648.72

Anthem Inc. submitted an offer of $9,966.60

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about August 11, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-4709553 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4709553 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 23, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4732031

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4732031** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025269EK2053 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Blue Cross Blue Shield KY submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the information submitted for the additional factors above. Maximus also reviewed objections by the non-initiating party and determined the objections are invalid and this case is timely filed and eligible for arbitration based on the information in the record. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and the level of training and experience of the medical personnel that furnished the item or service. The non-initiating party resubmitted invalid objections with no information for the additional factors. Based on the information provided for the acuity of the patient or the complexity of

rendering the item or service, and the level of training and experience of the medical personnel, the initiating party has demonstrated their offer is more appropriate for the item or service in dispute. After reviewing the information submitted by both parties, including the QPA, acuity or complexity, and level of training, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield KY is the non-prevailing party in DISP-4732031 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4732031 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield KY. The 90-calendar day cooling off period begins on January 1, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4732032

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4732032** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$27,640.02** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025269EK2053 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $27,640.02

Blue Cross Blue Shield KY submitted an offer of $8,186.85

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the information submitted for the additional factors above. Maximus also reviewed objections by the non-initiating party and determined the objections are invalid and this case is timely filed and eligible for arbitration based on the information in the record. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and the level of training and experience of the medical personnel that furnished the item or service. The non-initiating party resubmitted invalid objections with no information for the additional factors. Each party submitted an offer above QPA value; however, based on the information

provided for the acuity of the patient or the complexity of rendering the item or service, and the level of training and experience of the medical personnel, the initiating party has demonstrated their offer is more appropriate for the item or service in dispute. After reviewing the information submitted by both parties, including the QPA, acuity or complexity, and level of training, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield KY is the non-prevailing party in DISP-4732032 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4732032 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield KY. The 90-calendar day cooling off period begins on January 1, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/17/2026
**IDR reference number:** DISP-4837618

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4837618** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$125,882.38** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025240CC5556 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $125,882.38

Anthem Inc. submitted an offer of $20,386.55

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Date: 04/17/2026

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary

charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about August 14, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the

QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-4837618 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4837618 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 17, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/29/2026
**IDR reference number:** DISP-5664053

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5664053** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025240CC5556 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $42,009.05 best represents the value of the qualified IDR service, rotary wing air transport (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $42,009.05 and provided the following information:

1. A statement that the provided credible evidence supports the high quality of the air ambulance services, including multiple ways in which that care materially exceeds industry baselines and regulatory requirements. The organization and its staff are nationally recognized for the superior quality of care that they provide. The provider's documentation lists several accreditations, awards, and recognitions.

2. Documentation regarding the air ambulance staff job application with required experience and qualifications. Additional documentation includes the curriculum vitae of the onboard staff. The flight staff consisted of a registered nurse with 27 years of experience and a nurse practitioner with 23 years of experience.

3. Documentation, including the patient's clinical summary and flight log, outlines that the patient was suffering from a thoracoabdominal thrombus and an endoleak. On the day of transport, the patient, who has a history of aortic dissection, vascular Ehlers-Danlos syndrome, heart valve replacement with mechanical valve, obstructive sleep apnea, ovarian cancer, and thoracic aortic aneurysm, presented to the sending facility with complaints of chest pain, headaches, vision changes, nausea, and diarrhea. Diagnostic tests and assessment determined that the patient was suffering from a thoracoabdominal thrombus and an endoleak.

4. A statement that the pickup location was considered a rural area.

5. A statement that the provider’s aircraft are equipped to provide all five levels of care distinguished by the Commission on Accreditation of Medical Transport Systems and thus can assist patients suffering from the widest variety of medical conditions.

6. A statement that the provider and the health plan had a previous network agreement.

7. A statement that the health plan’s QPA does not reflect the quality of care, the patient acuity or complexity, the staff training, experience, quality, the value of the vehicles and their clinical capabilities, the population density, and the prior network agreements. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been

calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $28,683.53 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $28,683.53, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the five circumstances. In this instance, the non-initiating party did not provide information related to at least one of the five circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5664053 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5664053 was PHI HEALTH, LLC. The initiating party’s NPI is 1871850693. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 29, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 03/28/2026
**IDR reference number:** DISP-5412779

Livanta (DBA:Commence) has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5412779** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Livanta (DBA:Commence) has determined that the out-of-network payment amount of **$20,159.10** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025245BM7808 under this dispute.

Livanta (DBA:Commence) based this determination on a review of the following:

PHI Health, LLC submitted an offer of $20,159.10

Anthem Inc. submitted an offer of $3,264.75

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

After review and consideration of the documentation submitted by both parties, the IDRE finds in favor of the Initiating Party as the fair and reasonable offer. For each of the determination factors for which there is an "x" in the Initiating Party and/or Non-Initiating Party column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii)

additional information was provided but the Arbitrator, in their sole discretion, determined such information was not related to the offers, OR it was prohibited by the law. The IDRE considered all the submitted documents, all permissible arguments, and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered, or arguments were made, as indicated, were considered, and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party: Determination Rationale - Air ambulance vehicle type, including the clinical capacity level of such vehicle The vehicle had the appropriate capacity. - Air ambulance point of pick-up to determine population density The pick-up was in a rural location. - The level of training, experience and quality of the medical personnel that furnished such services The personnel is well qualified to perform the required services. - The acuity of the individual receiving the service or the complexity of the service The medical narrative supports a heightened acuity.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Livanta (DBA:Commence) has determined that Anthem Inc. is the non-prevailing party in DISP-5412779 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5412779 was PHI Health, LLC. The initiating party's NPI is 1033459524. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **March 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Livanta (DBA:Commence). Include your IDR Reference number referenced above.

Thank you,

Livanta (DBA:Commence)

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6324562

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6324562** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025245BM7808 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about August 27, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6324562 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6324562 was PHI HEALTH, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/14/2026
**IDR reference number:** DISP-5631414

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5631414** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025248EM2783 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about August 30, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5631414 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5631414 was PHI HEALTH, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 14, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/26/2026
**IDR reference number:** DISP-5631415

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5631415** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$26,838.86** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025248EM2783 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $26,838.86

Anthem Inc. submitted an offer of $4,860.85

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about August 30, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low

population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5631415 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5631415 was PHI HEALTH, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4740736

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4740736** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025248EM2816 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Blue Cross Blue Shield Kentucky submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their

offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-4740736 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4740736 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on January 5, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-4740737

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4740737** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$26,838.86** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025248EM2816 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $26,838.86

Blue Cross Blue Shield Kentucky submitted an offer of $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. In determining which offer best represents the value of the qualified IDR item or service, Maximus gave the highest weight to the information provided by the initiating party, in relation to the level of training and experience of the provider that furnished the qualified IDR item or service.

Specifically, the initiating party submitted a position paper that discussed the additional factors, with documentation including curriculum vitae (CV) and official declarations that demonstrate the level of training and experience of the provider that furnished the qualified IDR item or services. The non-initiating party provided no further information in support of their offer.

Thus, based on the information submitted, Maximus has determined the initiating party presented the offer that best represents the value of the qualified IDR item or service.

Per 45 CFR 149.510(c)(4)(iii)(B) and 45 CFR 149.520(b)(2), after considering the QPA, certified IDR entities must consider information submitted by a party that relates to the factors listed above. Certified IDR entities cannot consider certain prohibited factors or information, as detailed in 45 CFR 149.510(c)(4)(v). Maximus correctly considered the information submitted by both parties for the factors listed above and did not consider any prohibited information submitted by either party to this dispute.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-4740737 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4740737 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-5195916

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5195916** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025248EL2129 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about August 31, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5195916 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5195916 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-5503410

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5503410** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,862.06** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025248EL2129 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,862.06

Anthem Inc. submitted an offer of $11,644.27

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about August 31, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population

density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5503410 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5503410 was PHI Health, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/17/2026
**IDR reference number:** DISP-4709991

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4709991** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025251EY7403 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Date: 04/17/2026

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary

charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about September 1, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the

QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-4709991 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4709991 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 17, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/17/2026
**IDR reference number:** DISP-4709993

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4709993** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$31,645.82** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025251EY7403 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $31,645.82

Anthem Inc. submitted an offer of $5,913.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Date: 04/17/2026

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary

charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 1, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the

QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-4709993 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4709993 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 17, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5112405

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5112405** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025251FC3511 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about September 1, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low

population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5112405 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5112405 was PHI Health, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5112406

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5112406** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$31,245.24** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025251FC3511 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $31,245.24

Anthem Inc. submitted an offer of $5,839.08

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 1, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low

population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5112406 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5112406 was PHI Health, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/14/2026
**IDR reference number:** DISP-5631727

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5631727** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$17,625.52** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025251CD0736 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $17,625.52

Anthem Inc. submitted an offer of $5,220.60

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 4, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low

population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5631727 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5631727 was PHI HEALTH, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 14, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4749846

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4749846** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025258EP8115 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Blue Cross Blue Shield Kentucky submitted an offer of $29,596.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the information submitted for the additional factors above. Maximus also reviewed objections by the non-initiating party and determined the objections are invalid and this case is timely filed and eligible for arbitration based on the information in the record. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and the level of training and experience of the medical personnel that furnished the item or service. The non-initiating party resubmitted invalid objections with no information for the additional factors. Based on the information provided for the acuity of the patient or the complexity of

rendering the item or service, and the level of training and experience of the medical personnel, the initiating party has demonstrated their offer is more appropriate for the item or service in dispute. After reviewing the information submitted by both parties, including the QPA, acuity or complexity, and level of training, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-4749846 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4749846 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on January 4, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4749847

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4749847** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$18,426.68** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025258EP8115 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $18,426.68

Blue Cross Blue Shield Kentucky submitted an offer of $5,457.90

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the information submitted for the additional factors above. Maximus also reviewed objections by the non-initiating party and determined the objections are invalid and this case is timely filed and eligible for arbitration based on the information in the record. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and information related to the population density of the point of pick-up for the air ambulance of the patient. The non-initiating party resubmitted invalid objections with no information for the additional factors. Both parties submitted an offer above QPA value; however, the initiating party has

demonstrated their offer is more appropriate for the item or service in dispute based on the information provided for the acuity of the patient or the complexity of rendering the item or service, and the point of pick-up. After reviewing the information submitted by the parties, including the QPA, acuity or complexity, and point of pick-up, Maximus has determined the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-4749847 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4749847 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on January 3, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/13/2026
**IDR reference number:** DISP-5347496

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5347496** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$20,429.58** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025260EQ9435 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $20,429.58

Anthem Inc. submitted an offer of $5,726.79

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 9, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population

density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5347496 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5347496 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/02/2026
**IDR reference number:** DISP-5861829

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5861829** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025257BT5002 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $42,009.05 and provided the following information:

1. A statement that the QPA does not account the provider's superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider's aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the patient suffered a ST-elevation myocardial infarction. Due to the critical nature of the patient's condition and the need for advanced equipment and care unavailable locally, ground emergency medical services determined that immediate rapid transport and advanced in-transit care was required for time-sensitive emergency care to the nearest appropriate facility equipped to

provide the required treatment. Rapid air transport improved the patient's chances of survival and recovery and prevented potential complications, including angina, arrhythmias, chronic and acute heart failure, cardiac arrest, and death. Upon arrival, the flight crew conducted a comprehensive examination. During transport, the team applied a cardiac monitor, completed an electrocardiogram, established intravenous access (IV), administered IV medication, closely monitored the patient's condition, and remained ready to address any emergent needs. Air transport was necessary for a higher level of diagnosis, evaluation, management, and intervention, including cardiology, interventional cardiology, and cardiac intensive care services unavailable at the sending facility. Medical records were also submitted for review.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified flight paramedic, a certified registered flight nurse, and a pilot with 20 years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft's superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft's vehicle type and clinical capabilities are included for review.

6. A statement that the point of pick-up was rural and air transport was significantly faster than any ground-based alternative (45 minutes by ground versus 17 minutes by air).

7. A statement that the provider had long-time agreements with the plan, which it entered between November 2014 and December 2017. The plan's refusal to negotiate updated contractual terms or pay market rates for the provider's services required the provider to become an out-of-network provider. the rates paid by the plan decreased 22 percent between the agreement's effective date in August 2016 and the termination of the contract in September 2023.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $29,596.94 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $29,596.94, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5861829 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5861829 was PHI HEALTH, LLC. The initiating party's NPI is 1033459524. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 2, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4890782

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4890782** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025273CN5701 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Blue Cross Blue Shield Kentucky submitted an offer of $29,596.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their

offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-4890782 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4890782 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on January 17, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/19/2026
**IDR reference number:** DISP-5521638

Keystone Peer Review Organization, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5521638** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Keystone Peer Review Organization, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025262DR9213 under this dispute.

Keystone Peer Review Organization, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After reviewing the evidence and payment offers, Keystone Peer Review Organization, Inc. has concluded that the PHI Health, LLC's proposed amount of $36733.4 for service code A0431 most accurately reflects the value of the eligible IDR services in dispute. As a result, Keystone Peer Review Organization, Inc. finds in favor of the PHI Health, LLC.

In reaching this decision, Keystone Peer Review Organization, Inc. followed the criteria set forth in 45 CFR Section 149.510, which requires consideration of:

• The qualifying payment amount (QPA) for the relevant year for comparable items or services.

• Any additional information provided by the parties related to:

The quality and outcomes measurements of the provider that furnished such services.

The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

The training, experience, and quality of the medical personnel that furnished such services Ambulance vehicle type, including the clinical capability level of such vehicle.

Population density of the pick-up location (such as urban, suburban, rural, or frontier).

Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years.

Additional information submitted by a party.

The initiating party, PHI Health, LLC, provided an offer of $36733.40, and provided the following information:

1. A statement that PHI's medical personnel, including pilots, aviation mechanics, and clinicians, possess extensive training and experience that surpass federal and state minimum requirements. Pilots undergo rigorous initial and annual training, including simulation and specialized flight maneuvers, while clinicians complete substantial classroom and on-the-job training, with flight nurses and paramedics required to achieve board certifications. The specific crew for Patient Hall included a pilot with 19 years of flight experience and clinicians holding multiple advanced certifications. PHI and its staff have earned national recognition and awards, and its programs are CAMTS accredited, consistently meeting or exceeding industry benchmarks for quality and safety. This high level of expertise was critical in managing Patient Hall's acute pediatric depressed skull fracture and subdural hemorrhage, ensuring continuous monitoring and advanced care that prevented condition deterioration during transport.

2. A statement that the pick-up location for Patient Hall was in Pike County, Kentucky (zip code 41501), a rural area outside a Metropolitan Statistical Area with a population density of 74.23 people per square mile. Low-density areas justify higher reimbursement for air ambulances due to longer ground transport times, which negatively impact patient outcomes. PHI's air transport was significantly faster (55 minutes) compared to ground (135 minutes). The Qualifying Payment Amounts (QPAs) do not adequately account for this population density, as they are calculated for broad non-MSA regions and only consider 'loaded miles,' failing to compensate for the substantial unloaded miles (183 miles in this case) required to reach rural locations from PHI's community-based airbases.

3. A statement that PHI's quality and outcome measurements support its proposed out-of-network rates. PHI and its staff are nationally recognized for superior care, holding multiple awards and CAMTS accreditation. PHI consistently meets or exceeds GAMUT Collaborative benchmarks in over half of its measured metrics, including ventilator use, capnography, tracheal tube success, and patient safety. PHI demonstrates timely response, with aircraft available for 96.3% of emergency requests and airborne within 13 minutes on average.

Furthermore, PHI boasts an exemplary safety record with zero accidents in the last eight years, significantly lower accident and fatality rates than competitors, and substantial investments in safety technology and training, including FAA-adopted protocols.

4. A statement that the patient, a 29-day-old male weighing 5 kg, presented with a depressed skull fracture, a 3 mm left parietal subdural hemorrhage, and a likely small left parietal cortical contusion with significant mass effect, following a 5-foot fall. His initial acuity was emergent (Yellow). Despite a GCS of 15, the severity of his head injury necessitated immediate air ambulance transport for time-sensitive emergency care, including pediatric neurology and pediatric intensive care services, which were unavailable at the rural sending facility. The transport required two critical care providers due to the high potential for deterioration and the need for rapid transfer to a Level 1 pediatric trauma center. Specialized equipment utilized included a Zoll monitor, a Pedi-Mate safety restraint device, and cervical spine immobilization, with Tylenol administered for pain. This critical condition and the need for specialized care, exceeding ground ambulance capabilities, support an increased out-of-network reimbursement rate.

5. A statement that PHI had long-term network agreements with Anthem (now Elevance Health, Inc.) from November 2014 to December 2017 for air ambulance services in Indiana, Kentucky, Ohio, and Virginia. Anthem's refusal to negotiate updated terms, pay market rates, and timely process claims led PHI to become an out-of-network provider. Anthem failed to increase rates for Indiana transports since 2014, resulting in a 23% real-term decrease, and similar declines in Ohio, Kentucky, and Virginia. Anthem also consistently violated payment terms, failing to pay numerous claims within 90 days. PHI has since attempted to re-enter negotiations for a contract at reasonable rates, but Anthem has ignored these requests.

6. A statement that PHI utilized an Airbus Rotor Wing EC135P2+ (H135) aircraft (tail number N383PH) for the transport. This aircraft offers a 157 mph cruise speed, 393-mile range, 3,124 lb. useful load capacity, and safety features like a rupture-resistant fuel line, along with a 54-inch clam shell door for easy patient loading. It is configured to accommodate one pilot and up to three clinicians. PHI's aircraft are equipped to provide all five levels of care (Basic, Advanced, Emergency Critical, Intensive, and Specialty Care), exceeding CAMTS standards and federal requirements. Specialized equipment includes Zoll Monitors, Hamilton T1/ReVel ventilators, LUCAS 3 chest compression systems, Fetal Guard fetal heart monitors, Cardiosave devices (IABP), neonatal isolettes, universal blood products, and a range of 68 pharmaceutical products. The value of these superior clinical capabilities, specialized equipment, and the ability to provide comprehensive care is not captured by the static QPAs, thus influencing PHI's offer for the out-of-network rate.

7. A statement that PHI, an independent air ambulance provider with over 50 years of experience, offers rates identical to inflation-adjusted median payments from Blue Cross Blue Shield Companies in 2021, which are still less than other national insurers. PHI's offers are supported by expert attestations from its Manager of Revenue Analytics, Assistant Director of Patient Financial Services, Medical Director (board-certified in emergency medicine, Clinical Instructor, and AMPA Board member), and Co-President. Critiques of the QPA highlight its artificial lowness due to exclusion of incentive payments, Anthem's failure to disclose calculation methodology (including contract types and numbers), and its inability to reflect PHI's superior services, patient acuity, highly qualified personnel, advanced aircraft (including a $4.8M autopilot investment and 1:2.5 backup ratio), and the rural pickup location's impact (e.g., 183 unloaded miles). Federal court rulings have also invalidated any presumption favoring QPAs.

The non-initiating party, Anthem Inc., provided an offer of $29596.94, and provided the following information:

1. A statement that the case is ineligible for IDRE because the 90-day cooling off period applies by regulation. This regulation requires dismissal when: 1) The same parties are involved; 2) The dispute concerns the same or similar items or services subject to the initial Notice of IDR; and 3) The new case is submitted within 90 days of prior determination.

The IDRE reviewed the NIP's eligibility objection and found it to be without merit. The IDRE reviewed both parties' submissions and considered all required factors under the NSA. Based on this review, it rules in favor of the IP.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Keystone Peer Review Organization, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5521638 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5521638 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Keystone Peer Review Organization, Inc.. Include your IDR Reference number referenced above.

Thank you,

Keystone Peer Review Organization, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/27/2026
**IDR reference number:** DISP-5594854

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5594854** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$46,467.28** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025262DR9213 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $46,467.28

Anthem Inc. submitted an offer of $13,763.40

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 15, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5594854 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5594854 was PHI HEALTH, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 27, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-4692671

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4692671** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of $18,026.10 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025262DZ7485 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
Maximus Federal Services, Inc. did not receive an offer and/or fees from Blue Cross Blue Shield Kentucky . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-4692671 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4692671 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on January 16, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4692993

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4692993** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025267EN4194 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

This case is a non-participating air ambulance provider and health insurance issuer payment determination under the Federal Independent Dispute Resolution (IDR) process.

Both parties submitted offers in this case.

Based on the credible information submitted, the Initiating Party’s offer was selected.

DLI 13274387

Service Code: A0431

Offer Selected: Initiating Party

Initiating Party Offer: $36733.40

Non-Initiating Party Offer: $29596.94

Qualifying Payment Amount (QPA): $29596.94

OON: $33360

Both parties submitted offers to be considered by the certified IDR entity.

The QPA was submitted by the Non-Initiating Party.

The Initiating Party submitted credible information with respect to:

The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee. outcomes measurements of the provider of air ambulance services that furnished the services. A 4-year-old member suffering from multisystem trauma, including an open leg fracture. PHI treated and transported Member Woods from a rural scene in Pulaski County, Kentucky, to the University of Kentucky Medical Center

The level of training, experience, and quality of medical personnel that furnished the air ambulance services. This transport had highly skilled health care providers with extensive critical care experience. Every flight has a healthcare provider who is certified in Basic Life Support (“BLS”), Advanced Cardiovascular Life Support (“ACLS”), Pediatric Advanced Life Support (“PALS”), and/or Neonatal Resuscitation program (“NRP”).

The air ambulance vehicle type, including the clinical capability level of such vehicle. Rotary wing aircraft. PHI’s aircraft have been available for immediate response to 96.3% of the emergency transport requests

The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier). Rural transport.

Demonstrations of good faith efforts (or lack of thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years. No information provided of good faith efforts of contracting with the Non-Initiating Party>

The Non-Initiating Party submitted credible information with respect to:

The quality and outcomes measurements of the provider of air ambulance services that furnished the services. No additional information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee. No additional information.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services. No additional information.

The air ambulance vehicle type, including the clinical capability level of such vehicle. No additional information.

The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier). No additional information.

Demonstrations of good faith efforts (or lack of thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years. Initiating Party has not engaged in good faith efforts to negotiate a contract with the Non-Initiating Party

After complete and careful consideration of the offers made by the parties, the QPA, and other credible additional information submitted, and after applying the No Surprises Act statutory provisions, the Initiating Party’s offer best represents the value of the service that is the subject of this unique payment determination. The credible information demonstrates that the QPA is different from the OON rate and that the Initiating Party's offer is closer to the OON rate. Therefore, the Initiating Party’s offer best represents the value of the air ambulance qualified IDR items or services in this unique payment determination case.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4692993 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4692993 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 5, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message*

*is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4692994

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4692994** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$25,637.12** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025267EN4194 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $25,637.12

Anthem Inc. submitted an offer of $7,593.60

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notice of Offers, and additional information, the Initiating Party’s offer best represents the value of the qualified IDR item or service. The Initiating Party’s Offer adequately takes into account level of training and patient acuity. The Initiating party submitted evidence concerning the parties’ contractual history. Such evidence shows that the prior rate of payment for the same or similar services was closer to the Initiating party’s offer in this case. The Initiating Party submitted information relating to the Initiating Party’s level of training, experience, and quality and outcome measurements. In addition, the Initiating Party submitted information relating to acuity of the participant, beneficiary, or enrollee, receiving the qualified IDR item or service, or the complexity of furnishing the qualified IDR item or service to the participant, beneficiary, or

enrollee. This information demonstrates that the Initiating Party's offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-4692994 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4692994 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 20, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4890425

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4890425** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$46,467.28** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025276ER6472 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $46,467.28

Anthem Inc. submitted an offer of $13,763.40

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

The arbitrator has based this determination on a review of the Qualifying Payment Amount (QPA), the offers submitted by both parties, and the credible information allowed by 45 CFR 149.510.

The Initiating Party (IP) submitted credible information with respect to:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up.

6. Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

7. Additional information that is credible and relates to the offer submitted by either party and does not include information on factors that are prohibited by 45 CFR 149.510 (c) (v).

The Non-Initiating Party (NIP) submitted credible information with respect to:

1. Additional information that is credible and relates to the offer submitted by either party and does not include information on factors that are prohibited by 45 CFR 149.510 (c) (v).

After considering the QPA for the qualified services under dispute and the evidence submitted by both parties and requested by National Medical Reviews, it is the arbitrator's determination that the Initiating Party's offer best represents the value of the qualified Independent Dispute Resolution (IDR) services at issue in this dispute. Therefore, the arbitrator has determined that the Initiating Party has prevailed.

The Non-Initiating Party (NIP) did not submit any information regarding the additional NSA factors.

The information submitted in the parties' submissions demonstrates the QPA does not adequately take into consideration the acuity of this patient, the complexity of furnishing the qualified IDR service, the provider's level of training, experience, and quality of outcome measurements, the air ambulance vehicle type, the population density, or the previous contracted rates within the last 4 years with respect to the services provided. However, the QPA was considered and given moderate weight, in favor of the Non-Initiating Party.

The patient was picked up by air ambulance and transported to the hospital. Information was given on the acuity of the individual and the individual's life threatening condition requiring the necessity of air transport to the appropriate hospital. Moderate weight was attributed to this information, with emphasis on the acuity of the individual, the complexity of the service provided, and the density of the pick-up point, in favor of the Initiating Party.

Moderate weight was given the level of training, experience, and quality and outcomes measurements of the providers as there was specific information that showed that the air ambulance staff in this case possessed a very high level of training or expertise.

Regarding factor 5, on the issue of "Good Faith", in negotiating, both in contract negotiation and open negotiation on this specific matter, Initiating Party addresses this factor in detail. The Initiating Party gave evidence that the Non-Initiating Party paid previously at a substantially higher rate than the QPA and the final offer of the Non-Initiating Party. This information was important in determining what the in-network rate might have been had good faith negotiations resulted in the out of network provider being in-network. Substantial weight is given to this factor.

While the Initiating Party submitted evidence and additional information regarding the other statutory factors as shown above, minimal weight was given to that information.

It is the determination that the Initiating Party's offer, as above stated, best represents the value of the qualified IDR service at issue in this dispute. Therefore, the arbitrator has determined the Initiating Party has prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4890425 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4890425 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on January 27, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/05/2026
**IDR reference number:** DISP-5923266

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5923266** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025276ER6472 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $36,733.40 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $36,733.40 and provided the following information:

1. A statement that the QPA materially differs from the appropriate out-of-network rate. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is an independent air ambulance provider that is nationally recognized for the superior quality of care provided. The provider accredits its programs through the Commission on Accreditation of Medical Transport Systems, a non-profit organization dedicated to improving the quality and safety of medical transport services. The provider participates in the Ground and Air Medical Quality Transport collaborative and meets or exceeds more than half of its measured metrics.

3. A clinical narrative stating that the seven-day-old patient suffered from neonatal seizures and meningitis. The patient presented to the sending facility with fever, irritability, and decreased oral intake. Diagnostic testing revealed that the patient was positive for human parechovirus. Subsequently, the patient was diagnosed with meningitis and seizures. Due to the critical nature of the patient's condition and the need for advanced equipment and care that exceeded ground ambulance capabilities, the attending physician determined that immediate rapid air transport and advanced in-transit care were required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. During transport, the provider's team secured the patient in a transport isolette, closely monitored the patient's condition, and remained ready to address any emergent needs.

4. A statement that the crew comprised a pilot with 32 years of flight experience and two registered nurses certified in neonatal pediatric transport and pediatric advanced life support.

5. A statement that the air ambulance utilized was an Airbus EC135 P2 rotor-wing aircraft.

6. A statement that the point of pickup was rural. The time for ground transport was 150 minutes, versus 50 minutes by air.

7. A statement that the provider had a long-time network agreement with the plan that ended because the plan refused to negotiate updated contractual terms or pay market rates. The provider contends that its offer is consistent with prior reimbursement agreements with the plan.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $29,596.94 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The submitted documentation does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $39,656.00, and the above-noted information submitted by both parties, C2C finds that the initiating party submitted information, which includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, with review of the six circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $36,733.40 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5923266 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5923266 was PHI HEALTH, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 5, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-5027722

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5027722** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025274FS3315 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Blue Cross Blue Shield Kentucky submitted an offer of $29,596.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. In determining which offer best represents the value of the qualified IDR item or service, Maximus gave the highest weight to the information provided by the initiating party related to the level of training and experience of the provider that furnished the qualified IDR item or service and acuity of the patient receiving the qualified IDR item or service. Specifically, the curriculum vitae submitted by the initiating party regarding their extensive experience and the patient record detailing the complexity of furnishing the service with no complications.

The non-initiating party provided no further information in support of their offer, only an invalid objection to the eligibility of the dispute.

Thus, based on the information submitted, including the QPA, Maximus has determined the initiating party presented the offer that best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-5027722 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5027722 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on February 5, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4905138

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4905138** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025274FS6621 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Blue Cross Blue Shield Kentucky submitted an offer of $11,401.50

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. In determining which offer best represents the value of the qualified IDR item or service, Maximus gave the highest weight to the information provided by the initiating party related to the acuity of the patient receiving the qualified IDR item or service. Specifically, the written brief describing the circumstances that led to the patient being transported via air ambulance, which was due to severe burns and possible head injury after an ATV accident. The severity of the condition caused the immediate need for a higher level of care that the current hospital was able to provide and timely transfer was vital for the condition of the patient. The

non-initiating party provided no further information in support of their offer, only an invalid objection to the eligibility of the dispute. Thus, based on the information submitted, including the QPA, Maximus has determined the initiating party presented the offer that best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Kentucky is the non-prevailing party in DISP-4905138 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4905138 was PHI Health, LLC. The initiating party’s NPI is 1033459524. The non-initiating party was Blue Cross Blue Shield Kentucky. The 90-calendar day cooling off period begins on February 4, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-5196023

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5196023** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025276EQ4574 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about September 27, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5196023 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5196023 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-5196024

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5196024** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$21,631.32** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025276EQ4574 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $21,631.32

Anthem Inc. submitted an offer of $6,063.66

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 27, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5196024 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5196024 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/13/2026
**IDR reference number:** DISP-5336632

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5336632** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025275CF3147 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about September 27, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider’s level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI’s offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5336632 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5336632 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/13/2026
**IDR reference number:** DISP-5336633

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5336633** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$21,631.32** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025275CF3147 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $21,631.32

Anthem Inc. submitted an offer of $6,063.66

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 27, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population

density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5336633 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5336633 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 03/24/2026
**IDR reference number:** DISP-5139385

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5139385** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025284BJ6071 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

IPRO has completed its review of the payment dispute identified under case number DISP- 5139385, involving the qualified IDR item or service billed under CPT code A0431. After a comprehensive evaluation of all documentation and arguments submitted by both parties, IPRO determines that the payment amount of $42,009.05, as offered by PHI Health, LLC, most accurately reflects the appropriate out-of-network (OON) rate for the service in question.

This determination was made in accordance with the requirements of the No Surprises Act and its implementing regulations under 45 CFR §149.510, which outline the criteria that certified IDR entities must consider when selecting between the payment offers submitted by the disputing parties.

In accordance with these requirements, IPRO considered the Qualifying Payment Amount (QPA) and all additional information submitted by both parties. Since the IDRE is not permitted to question the calculation or methodology of the QPA, the IDRE must assume that the QPA was calculated in accordance with the law. The following statutory and regulatory factors were considered:

· The quality and outcomes measurements of the provider that furnished the services

· The acuity of the condition of the participant, beneficiary, or enrollee or the complexity of furnishing the service to the participant, beneficiary, or enrollee

· The level of training/experience/quality of the medical personnel

· Air ambulance vehicle type, including clinical capability level of the vehicle

· Population density of the point of pick-up

· Demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other

· Additional information submitted by a party

Based on the totality of the evidence and the weight of the statutory factors, IPRO finds that the offer submitted by PHI Health, LLC best represents the value of the qualified IDR service. Accordingly, IPRO selects the offer of $42,009.05 by PHI Health, LLC as the appropriate out-of-network (OON) payment amount for DISP- 5139385.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that Anthem Inc. is the non-prevailing party in DISP-5139385 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5139385 was PHI Health, LLC. The initiating party’s NPI is 1033459524. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **March 24, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/24/2026
**IDR reference number:** DISP-6108897

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6108897** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$20,159.10** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025284BJ6071 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $20,159.10

Anthem Inc. submitted an offer of $5,053.05

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $20159.1 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, "PHI and its staff are nationally recognized for the superior quality of care that they provide. Their recognitions include multiple Mission: Lifeline awards from the American Heart Association, multiple Vision Zero aviation safety awards from the Association of Air Medical Services, multiple Tim Hynes awards from the International Association of Flight & Critical Care Paramedics, and repeated recognition by regional EMS authorities, such as the Arizona Emergency Medical Services' Ace of Hearts Award." This information is given minimal weight. The non-initiating party stated, "These quality standards are therefore already reflected in Anthem's QPA." This information is given minimal weight.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party submitted the patient's medical records. This information is given significant weight. The non-initiating party stated, "Anthem's offer was carefully tailored to consider the complexity of the services provided, ensuring that the reimbursement aligns with the severity of the treatments." This information is given minimal weight. This acuity factor impacted the payment determination.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, per submitted curriculum vitae, the provider has more than 32 years of experience. This information is given minimal weight. The non-initiating party did not submit this information.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, "For Patient Layton, PHI utilized a Bell Rotor Wing BH407 aircraft (tail number N450PH). The Bell Rotor Wing BH407 aircraft permits PHI to deliver high-quality air ambulance services due to features including a 153-mph cruise speed, 387-mile range, 2,300 1b useful load capacity, and key safety features, such as a rupture resistant fuel line. The aircraft's standard bi-fold door with a 61-inch opening facilitates quick and easy patient loading and unloading. unloading. The Bell Rotor Wing BH407 can accommodate up to 2 clinicians to care for PHI's patients. A list of equipment that PHI carries on this aircraft is attached as Exhibit 14." This information is given some weight. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, "In this case, PHI picked up Patient Layton at zip code 41008. This is a rural area located in Carroll County, Kentucky.31 Carroll County had a population of 10,631 as reported in the 2020 Census. This point of pickup is outside a Metropolitan Statistical Area (MSA)." This information is given some weight. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, "Those agreements covered certain air ambulance services provided by PHI in Indiana as well as in Kentucky, Ohio, and Virginia. Id. Unfortunately, Anthem's refusal to negotiate updated contractual terms or pay market rates for PHI's services, together with Anthem's failure to process claims in a timely and efficient manner, required PHI to become an out-of-network provider." This information is given minimal weight. The non-initiating party stated, "We welcome negotiations with providers who ensure affordable healthcare for our members by offering reasonable rates. This invitation is included in our communications throughout the negotiation period, and we remain open to discussing terms with providers." This information is given no weight.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The initiating party provided copies of previous Federal dispute resolution forms. This is not considered historical rates. This information was given no weight. The initiating party provided an explanation of benefits or remittance advice reflecting the same service code and/or geographic region as in the current dispute. This information is given some weight. The non-initiating party provided copies of previous Federal dispute resolution forms. This is not considered historical rates. This information is given no weight.

The QPA was given some weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-6108897 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6108897 was PHI HEALTH, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 24, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/11/2026
**IDR reference number:** DISP-5892583

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5892583** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$68,988.92** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025291CF1925 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $68,988.92

Anthem Inc. submitted an offer of $19,404.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $68,988.92 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH LLC, provided an offer of $68,988.92 and provided the following information:

1. A statement that the QPA materially differs from the appropriate out-of-network rate. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is an independent air ambulance provider that is nationally recognized for the superior quality of care provided. The provider accredits its programs through the Commission on Accreditation of Medical Transport Systems, a non-profit organization dedicated to improving the quality and safety of medical transport services. The provider participates in the Ground and Air Medical Quality Transport collaborative and meets or exceeds more than half of its measured metrics.

3. A clinical narrative stating that the 12-year-old was suffering from a pediatric ankle fracture, wrist fracture, and open finger fractures after an all-terrain vehicle (ATV) accident in which it rolled over onto the patient. The sending physician determined that the patient required specialty pediatric orthopedic surgical services not available at the sending facility. Due to the critical nature of the patient's injuries and the need for advanced equipment and care that exceed the care provided by ground ambulance providers, the attending physician determined that immediate rapid air transport and advanced in-transit care was required for time sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment.

4. A statement that the crew comprised a pilot with 27 years of flight experience; a bachelor-prepared certified flight registered nurse; and a certified flight paramedic.

5. A statement that the air ambulance utilized was a Bell Rotor Wing BH407.

6. A statement that the provider had a long-time network agreement with the plan that ended because the plan refused to negotiate updated contractual terms or pay market rates. The provider contends that its offer is consistent with prior reimbursement agreements with the plan.

7. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $19,404.00 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The submitted documentation does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $19,404.00, and the above-noted information submitted by both parties, C2C finds that the initiating party submitted information, which includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, with review of the six circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $68,988.92 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5892583 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5892583 was PHI HEALTH, LLC. The initiating party’s NPI is 1033459524. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 11, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/24/2026
**IDR reference number:** DISP-5457529

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5457529** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025302FB9449 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 11, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5457529 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5457529 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 24, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5362181

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5362181** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$51,517.70** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025296BT4472 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $51,517.70

Anthem Inc. submitted an offer of $12,913.35

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 16, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5362181 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5362181 was PHI Health, LLC. The initiating party’s NPI is 1033459524. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/24/2026
**IDR reference number:** DISP-5456294

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5456294** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025328DD5930 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 18, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5456294 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5456294 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 24, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/24/2026
**IDR reference number:** DISP-5456295

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5456295** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$60,087.00** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025328DD5930 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $60,087.00

Anthem Inc. submitted an offer of $17,797.50

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 18, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5456295 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5456295 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 24, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5165733

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5165733** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025301BS5700 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 19, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low

population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **__not later than 30 calendar days__** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5165733 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5165733 was PHI Health, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5389464

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5389464** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025308FG0727 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 25, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5389464 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5389464 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-5389648

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5389648** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$26,438.28** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025308FG0727 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $26,438.28

Anthem Inc. submitted an offer of $7,830.90

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services provided on or about October 25, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low

population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5389648 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5389648 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5112575

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5112575** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$30,444.08** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025304CD8209 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $30,444.08

Anthem Inc. submitted an offer of $6,011.60

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 25, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI’s offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5112575 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5112575 was PHI Health, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5112574

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5112574** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025304CD8209 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 25, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5112574 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5112574 was PHI Health, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/13/2026
**IDR reference number:** DISP-5311507

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5311507** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$35,651.62** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025324CH4985 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

PHI Health, LLC submitted an offer of $35,651.62

Anthem Inc. submitted an offer of $10,559.85

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

IPRO has completed its review of the payment dispute identified under case number DISP-5311507, involving the qualified IDR item or service billed under CPT code A0436. After a comprehensive evaluation of all documentation and arguments submitted by both parties, IPRO determines that the payment amount of $35,651.62, as offered by PHI Health, LLC, most accurately reflects the appropriate out-of-network (OON) rate for the service in question.

This determination was made in accordance with the requirements of the No Surprises Act and its implementing regulations under 45 CFR §149.510, which outline the criteria that certified IDR entities must consider when selecting between the payment offers submitted by the disputing parties.

In accordance with these requirements, IPRO considered the Qualifying Payment Amount (QPA) and all additional information submitted by both parties. Since the IDRE is not permitted to question the calculation or methodology of the QPA, the IDRE must assume that the QPA was calculated in accordance with the law. The following statutory and regulatory factors were considered:

· The quality and outcomes measurements of the provider that furnished the services

· The acuity of the condition of the participant, beneficiary, or enrollee or the complexity of furnishing the service to the participant, beneficiary, or enrollee

· The level of training/experience/quality of the medical personnel

· Air ambulance vehicle type, including clinical capability level of the vehicle

· Population density of the point of pick-up

· Demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other,

· Additional information submitted by a party

Based on the totality of the evidence and the weight of the statutory factors, IPRO finds that the offer submitted by PHI Health, LLC best represents the value of the qualified IDR service. Accordingly, IPRO selects the offer of $35,651.62 by PHI Health, LLC as the appropriate out-of-network (OON) payment amount for DISP-5311507.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that Anthem Inc. is the non-prevailing party in DISP-5311507 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5311507 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5399810

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5399810** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025328DE4188 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 31, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5399810 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5399810 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/23/2026
**IDR reference number:** DISP-5399811

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5399811** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$26,838.86** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025328DE4188 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $26,838.86

Anthem Inc. submitted an offer of $7,949.55

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 31, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5399811 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5399811 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 23, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 03/27/2026
**IDR reference number:** DISP-5311081

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5311081** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$31,645.82** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025316EM1791 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $31,645.82

Anthem Inc. submitted an offer of $5,913.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $31,645.82 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $31,645.82 and provided the following information:

1. The initiating party states that they are nationally recognized for the quality of care that they provide. Specifically, they state that they have received multiple Mission: Lifeline awards from the American Heart Association, multiple Vision Zero aviation safety awards from the Association of Air Medical Services, and multiple Tim Hynes awards from the International Association of Flight and Critical Care Paramedics.

2. The initiating party states that the patient was a 71-year-old who was suffering from a hemothorax. Due to the critical nature of the patient’s condition and the need for advanced medical equipment and care that exceed the care provided by ground ambulance providers, the attending physician determined that immediate rapid air transport and advanced in-transit care was required. During the flight, the crew provided advanced care for the patient, applying cardiac monitoring, administering oxygen therapy, administering medication and an infusion pump for blood pressure support, and monitoring the patient’s blood pressure, vital signs, and oxygen levels.

3. The initiating party states that the pilot has 22 years of experience, and the others hold numerous certifications. Their curricula vitae were included with the documentation.

4. The initiating party states that the population density was rural.

5. The initiating party states that grand transport would have taken 90 minutes versus 35 minutes by air.

6. The initiating party states that the provider had a network agreement with the health plan which ended in 2017. They further state that the provider has since asked the health plan to enter negotiations; however, the health plan has so far ignored the provider’s request.

7. The initiating party states that the aircraft door facilitates quick and easy patient loading and unloading.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $5,913.94 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $5,913.94, and the above-noted information submitted by both parties, C2C finds that the initiating party's evidence includes information regarding ambulance vehicle type, the level of training of the medical personnel, good faith efforts, patient acuity, population density, and outcomes measurements. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. This information is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence regarding ambulance vehicle type, the level of training of the medical personnel, good faith efforts, patient acuity, population density, and outcomes measurements was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $31,645.82 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5311081 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5311081 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **March 27, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 04/28/2026
**IDR reference number:** DISP-5684683

Livanta (DBA:Commence) has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5684683** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Livanta (DBA:Commence) has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025324CI0076 under this dispute.

Livanta (DBA:Commence) based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

After review and consideration of the documentation submitted by both parties, the IDRE finds in favor of the Initiating Party as the fair and reasonable offer. For each of the determination factors for which there is an "x" in the Initiating Party and/or Non-Initiating Party column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii)

additional information was provided but the Arbitrator, in their sole discretion, determined such information was not related to the offers, OR it was prohibited by the law. The IDRE considered all the submitted documents, all permissible arguments, and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered, or arguments were made, as indicated, were considered, and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party: Determination Rationale After careful review of the submissions and all relevant information provided by both parties, Commence finds that the Initiating Party did provide documentation that demonstrated that the transport was furnished using a specialized air ambulance aircraft equipped to provide advanced life support and critical care services appropriate for the patient's condition. The evidence supports that the point of pickup limited timely access to appropriate levels of care, and the use of air ambulance services was reasonable given geographic distance, time sensitivity, and access constraints. The Initiating Party further submitted credible information demonstrating compliance with applicable safety, accreditation, and clinical protocols, supporting the quality of care and patient safety during transport. Evidence shows that the flight crew possessed specialized training and experience in aeromedical and critical care transport, which was appropriate for the services rendered. Finally, the clinical documentation supports that the patient's acuity and complexity required a high level of monitoring and medical intervention during transport, reasonably necessitating air ambulance services rather than ground alternatives.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Livanta (DBA:Commence) has determined that Anthem Inc. is the non-prevailing party in DISP-5684683 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5684683 was PHI Health, LLC. The initiating party’s NPI is 1033459524. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **April 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Livanta (DBA:Commence). Include your IDR Reference number referenced above.

Thank you,

Livanta (DBA:Commence)

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/08/2026
**IDR reference number:** DISP-5936326

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5936326** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$10,303.54** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025324CI0076 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $10,303.54

Anthem Inc. submitted an offer of $2,728.95

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $10,303.54 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $10,303.54 and provided the following information:

1. A statement that the QPA does not account the provider’s superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA’s calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider’s aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the patient suffered from a status-post cardiac arrest and a neck hematoma after an outpatient surgery. Ground emergency medical services found the patient in cardiac and respiratory arrest and subsequently took the patient to the sending facility where he was immediately intubated. The sending physician determined that immediate rapid air transport and advanced in-transit care

was required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. Upon arrival, the flight crew conducted a comprehensive examination ensuring the patient was stable for transfer. During the flight, the crew administered intravenous (IV) sedation, placed the patient on a mechanical ventilator with oxygen, administered IV pain management, closely monitored the patient's condition, and remained ready to address any emergent needs. Air transport was necessary for a cardiac/ST-elevated myocardial infarction/percutaneous intervention facility for a higher level of evaluation, management, and intervention, including cardiology, pulmonology, surgery, and cardiac intensive care services not available at the sending facility.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of two critical care registered nurses and a pilot with 31 years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft's superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft's vehicle type and clinical capabilities are included for review.

6. A statement that the point of pick-up was rural and significantly faster than any ground-based alternative (136 minutes by ground versus 17 minutes by air).

7. A statement that the provider had long-time network agreements with the plan and their affiliates, which was entered between November 2014 and December 2017. The plan's refusal to negotiate updated contractual terms or pay market rates for the provider's services required the provider to become an out-of-network provider. Additionally, payment rates declined 22 percent in real terms between the contract effective date of August 2016 and their September 2023 termination.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $2,728.95 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $11,730.00, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $10,303.54 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5936326 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5936326 was PHI Health, LLC. The initiating party's NPI is 1033459524. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 8, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/13/2026
**IDR reference number:** DISP-5336106

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5336106** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025324CH4967 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about November 14, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5336106 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5336106 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/13/2026
**IDR reference number:** DISP-5336108

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5336108** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$34,850.46** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025324CH4967 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $34,850.46

Anthem Inc. submitted an offer of $9,769.23

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about November 14, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population

density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5336108 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5336108 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/04/2026
**IDR reference number:** DISP-5578260

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5578260** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 25339E0A5F01 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about November 29, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5578260 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5578260 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 4, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5578261

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5578261** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$24,835.96** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 25339E0A5F01 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $24,835.96

Anthem Inc. submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about November 29, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5578261 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5578261 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/11/2026
**IDR reference number:** DISP-5630021

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5630021** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025363DW3915 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about December 19, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median

and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5630021 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5630021 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 11, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/11/2026
**IDR reference number:** DISP-5630022

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5630022** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$28,441.18** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025363DW3915 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $28,441.18

Anthem Inc. submitted an offer of $7,972.59

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about December 19, 2025, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5630022 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5630022 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 11, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/16/2026
**IDR reference number:** DISP-5990266

Keystone Peer Review Organization, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5990266** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Keystone Peer Review Organization, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026022CH4815 under this dispute.

Keystone Peer Review Organization, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $29,596.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After reviewing the evidence and payment offers, Keystone Peer Review Organization, Inc. has concluded that the PHI Health, LLC's proposed amount of $36733.4 for service code A0431 most accurately reflects the value of the eligible IDR services in dispute. As a result, Keystone Peer Review Organization, Inc. finds in favor of the PHI Health, LLC.

In reaching this decision, Keystone Peer Review Organization, Inc. followed the criteria set forth in 45 CFR Section 149.510, which requires consideration of:

• The qualifying payment amount (QPA) for the relevant year for comparable items or services.

• Any additional information provided by the parties related to:

The quality and outcomes measurements of the provider that furnished such services.

The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

The training, experience, and quality of the medical personnel that furnished such services Ambulance vehicle type, including the clinical capability level of such vehicle.

Population density of the pick-up location (such as urban, suburban, rural, or frontier).

Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years.

Additional information submitted by a party.

The Initiating Party (IP) PHI Health, LLC made an offer of $36733.40 and provided the following information.

1. A statement that PHI's medical personnel, including pilots, aviation mechanics, nurses, and paramedics, demonstrate exceptional training, experience, and quality, exceeding federal and industry standards. Pilots have a mean tenure of 7.3 years, undergo extensive initial and annual training, including full-down autorotation, and are supported by 18 check airmen. Aviation mechanics, also with a 7.3-year mean tenure, hold airframe and powerplant ratings and receive significant training, contributing to a 96.3% aircraft availability rate. Clinicians, with a 5.3-year mean tenure, complete 108 classroom hours and 100 days of supervised training, with flight nurses and paramedics achieving board certifications (CFRN, FP-C) within 24 months and undergoing annual practical assessments. This high level of expertise is reflected in national recognitions such as Mission: Lifeline awards, Vision Zero aviation safety awards, and Tim Hynes awards, as well as PHI's CAMTS accreditation and superior performance in GAMUT quality metrics, including zero accidents in eight years. The team for the patient, including pilot Blake Bennett and clinicians Paul Guilford and Caleb Sick (with multiple advanced certifications), provided critical care that exceeded ground ambulance capabilities, ensuring continuous monitoring and specialized treatment for the patient's acute condition.

2. A statement that the pick-up location for the patient was zip code 42503 in Pulaski County, Kentucky, a rural area outside a Metropolitan Statistical Area with a 2020 population of 64,979. Payors, including Medicare, recognize the need for higher reimbursement rates for rural air ambulance services due to longer ground transport times and the critical importance of timely care for trauma, cardiac, and stroke patients. PHI's air transport was significantly faster (45 minutes) than the estimated 180 minutes by ground. The QPA calculation for non-MSA regions fails to account for specific population densities, and QPAs based solely on loaded miles do not compensate PHI for the substantial unloaded miles (140 miles) required to reach rural locations from its community-based airbases, unlike hospital-based air ambulances.

3. A statement that PHI's quality and outcome measurements demonstrate superior care, timely response, and exemplary safety. The company and its staff are nationally recognized with multiple awards, including Mission: Lifeline and Vision Zero. PHI's programs are CAMTS accredited and consistently meet or exceed GAMUT Collaborative benchmarks in over half of its measured metrics, such as ventilator use, waveform capnography, and prevention of serious reportable events. In 2023, PHI's aircraft were available for immediate response 96.3% of the time, becoming airborne in approximately 13 minutes. PHI has maintained a record of zero accidents in the last eight years (as of March 2025), with accident and fatality rates significantly lower than competitors, supported by substantial investments in safety technology and training.

4. A statement that the patient presented with bilateral lower quadrant abdominal pain and bilateral testicle pain, intermittent confused speech, and was thrashing in pain. He was diagnosed with testicular ischemia and acute renal failure with rhabdomyolysis, a critical condition requiring immediate rapid air transport and advanced in-transit care. The patient needed toxicology, urology, nephrology, surgery, and intensive care services not available locally, with a high potential for hemodynamic deterioration during transport. Air transport was chosen to minimize out-of-hospital time (45 minutes by air vs. 180 minutes by ground) and ensure two critical care providers were in attendance, utilizing equipment like a Zoll monitor for continuous monitoring and administering medications such as Ativan for anxiety.

5. A statement that PHI has demonstrated a long-standing commitment to entering network agreements that benefit all parties, actively engaging in ongoing negotiations with payors to expand its network. Despite these good-faith efforts, commercial payors frequently refuse to negotiate rates that adequately value PHI’s services. For instance, during 2023 and 2024 negotiations that did not result in an agreement, payors offered reimbursement rates significantly below (51% and 63%) the average rates selected by IDR entities for similar services.

6. A statement that PHI utilized an Airbus Rotor Wing EC135P2 (H135) aircraft (tail number N304PH) for the transport, which features a 157-mph cruise speed, 393-mile range, 3,124 lb. useful load capacity, and safety features like a rupture-resistant fuel line. The aircraft is equipped to provide all five levels of care as defined by CAMTS, exceeding state and federal requirements, and includes specialized medical equipment such as Zoll Monitors, Hamilton T1/ReVel ventilators, LUCAS 3 chest compression systems, fetal heart monitors, Cardiosave devices, neonatal isolettes, universal blood products, and a range of 68 pharmaceutical products. PHI's offer accounts for the value of these clinical capabilities and the cost of maintaining a backup fleet, which are not reflected in the static Qualifying Payment Amounts (QPAs).

7. A statement that PHI's offers of a $36,733.40 base rate and $42,461.48 mileage rate (total $79,194.88) are identical to inflation-adjusted median rates paid by Blue Cross Blue Shield Companies nationally in 2021 and are less than the national median paid by other commercial plans. The Qualifying Payment Amounts (QPAs) are criticized for being artificially low, reflecting limited in-network negotiations, potentially excluding risk-sharing/bonus payments, and being unreliable due to an insufficient number of contracts or reliance on 'derived amounts.' Anthem Blue Cross and Blue Shield Kentucky failed to provide mandatory QPA calculation information despite requests, and its high market share likely led to below-market contracted rates. Federal courts have ruled against a presumption in favor of QPAs. PHI demonstrates superior quality with zero accidents in eight years and significantly lower accident/fatality rates than competitors. PHI's

personnel qualifications, aircraft, equipment, and backup fleet exceed industry baselines and regulatory requirements, with the value of these not captured by static QPAs. The rural patient pickup location and associated unloaded miles are not adequately accounted for by QPAs. PHI has made good faith efforts to enter network agreements, but payors offered significantly lower rates. Expert attestations from PHI's CFO, Revenue Cycle Manager, Medical Director, and Co-President support PHI's claims, highlighting investments like $4,810,328 in two-axis autopilot systems.

The Non-Initiating Party (NIP) Anthem Inc. made and offer of $29596.94 and provided the following information.

1. A statement that Anthem has quality standards and credentialing requirements for its participating providers that ensure the providers are appropriately licensed and qualified to provide services in their specialty. These quality standards are therefore already reflected in Anthem’s QPA.

2. The NIP did not provide any relevant information regarding population density of the point of pick up.

3. The NIP states that quality standards and credentialing requirements for its participating providers, which ensure appropriate licensing and qualification, are already reflected in its Qualified Payment Amount (QPA). The QPA is considered to encompass these quality standards.

4. The NIP did not provide any relevant information regarding patient acuity or severity of condition.

5. Anthem, the Non-Initiating Party, states it welcomes negotiations with providers and remains open to discussing terms, including this invitation in communications throughout the negotiation period. Anthem also claims its offer exceeds benchmarks to engage in good faith negotiation and prevent IDR. Historically, before the NSA, the Initiating Party (provider) allegedly used strong market leverage to charge high fees or negotiate unreasonable rates, implying a lack of good faith in past negotiations.

6. The NIP did not provide any relevant information regarding vehicle type capability.

7. The NIP emphasizes that modifiers (e.g., 22, 50, 59, 62) are a well-established component of reimbursement, reflecting resource utilization and justifying adjustments, with their importance highlighted in the IDR portal. Anthem's offer, which exceeds the Qualified Payment Amount (QPA), Machine-Readable File, and Fair Health benchmarks, is based on the QPA as a median in-network rate that adequately reflects regional and specialty standards, patient acuity, service complexity, and provider quality/credentialing. Anthem considers the provider's requested amount, approximately 214% of the average QPA, to be excessive and unjustifiable. Anthem's offer also accounts for service complexity and good faith negotiation efforts, arguing that the initiating party's market share does not justify high out-of-network rates.

Rationale for Determination:

1. The NIP asserts that the provider’s training and experience are already reflected in the QPA. However, the relationship between the QPA and individual provider qualifications may be limited. The QPA is derived from a distribution of contracted rates for a given service, and those rates are generally negotiated at the network level rather than the individual provider level. Contracted rates often apply across broad provider categories and geographic regions, without necessarily accounting for differences in training, board certification, sub specialization, or years of experience. Consequently, the QPA may reflect broader market dynamics and contracting practices in addition to, or instead of, the qualifications of a particular provider. This factor had minimal weight in favor of the IP.

2. The IP provided information regarding population density asserting that the QPA methodology for non-MSA regions may not fully reflect differences in population density across service areas. In addition, QPAs based solely on loaded miles do not account for the unloaded mileage required to access rural locations

from PHI's community-based airbases, which can be substantial and may differ from the operating models of hospital-based air ambulance providers. The NIP did not provide information for this factor. This had moderate weight in favor of the IP.

3. Anthem's claim is flawed because the QPA is primarily based on median contracted rates, not on individualized assessments of provider quality or expertise. Credentialing requirements establish minimum standards for network participation, but they do not account for differences in specialized training, experience, or clinical outcomes among providers. Therefore, meeting credentialing standards does not necessarily mean that the QPA fully reflects provider quality or qualifications. This factor has minimal weight in favor of the IP.

4. The IP provided credible evidence of the patient’s condition. The NIP did not provide any relevant information. This factor has moderate weight in favor of the IP.

5. Regarding good faith in negotiations, both the contract negotiations and the negotiations related to this specific matter were considered. The IP presented evidence that the NIP had previously reimbursed this service at rates substantially higher than both the QPA and the NIP’s final offer. The IP also provided information regarding reimbursement rates it receives from other commercial payors for the same service code, which it asserted are consistent with its proposed rate. The NIP did not provide specific information regarding its contracted rates for this service code with comparable provider groups within the same MSA, instead relying primarily on the QPA. This information was relevant in evaluating what an in-network rate may have been if negotiations had resulted in a network agreement between the parties. This factor had substantial weight in favor of the IP.

6. Vehicle Type capability; the IP provided credible information on this factor. The NIP did not provide any relevant information. This factor has neutral weight for both parties.

7. While the NIP maintains that the QPA, as determined by CPT codes and modifiers, fully reflects the complexity and acuity of care, it may not comprehensively account for all circumstances influencing service delivery. CPT codes and modifiers are standardized tools designed to categorize medical services, but they can lack the granularity needed to capture variations in patient presentations, unforeseen complications, or the level of clinical judgment required in specific cases. Additionally, two cases billed under the same code may still differ meaningfully in terms of resource utilization, provider expertise, or time intensity. In such situations, reliance solely on the QPA could risk oversimplifying the actual scope of care provided. This may be particularly relevant in cases involving highly specialized providers or atypical patient needs, where qualifications and experience play a more significant role than what is reflected in coding alone. Therefore, it could be argued that while the QPA establishes a standardized baseline, the IDRE is required to consider all seven factors. This has moderate weight in favor of the IP.

After reviewing the evidence and supporting documentation by both the Initiating Party (IP) and Non-Initiating Party (NIP) and considering the criteria set forth in the No Surprises Act’s Independent Dispute Resolution (IDR) guidelines—the IDRE concludes that the offer presented by the IP most accurately reflects the value of the disputed service and rules in favor of the IP.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Keystone Peer Review Organization, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5990266 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5990266 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 16, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Keystone Peer Review Organization, Inc.. Include your IDR Reference number referenced above.

Thank you,

Keystone Peer Review Organization, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**Payment determination date:** 06/22/2026
**IDR reference number:** DISP-6038489

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6038489** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of $37,707.98 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026013DQ3152 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
C2C Innovative Solutions, Inc. did not receive an offer and/or fees from Anthem Inc. . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6038489 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6038489 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/22/2026
**IDR reference number:** DISP-6038490

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6038490** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$28,372.80** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026013DQ3152 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $28,372.80

Anthem Inc. submitted an offer of $6,211.03

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

At issue is payment for rotary wing air mileage, per statute mile (A0436).

45 Code of Federal Regulations (CFR) Section 149.510, sets forth that offers must be submitted not later than 10 business days after the selection of the certified IDR entity (IDRE). The plan or issuer and the provider,

facility, or provider of air ambulance services must each submit to the certified IDRE an offer of an out-of-network rate expressed as both a dollar amount and the corresponding percentage of the qualifying payment amount represented by that dollar amount.

IDR Guidance for Certified IDREs (March 2023) details that if, by the deadline for the parties to submit offers, one party has not submitted an offer, the certified IDRE will select the other party's offer as the final payment amount.

The IDRE requested the offer and fee payments on May 5, 2026. However, the IDRE did not receive payment from the non-initiating party. As a result, we are only able to consider the offer submitted by the initiating party to make a final determination. An offer was received from the initiating party for $28,372.80 for code A0436. Therefore, the IDRE determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6038490 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6038490 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5901274

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5901274** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$37,707.98** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026022CF2104 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $37,707.98

Anthem Inc. submitted an offer of $17,555.81

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $37,707.98 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $37,707.98 and provided the following information:

1. A statement that the provider provided critical air ambulance services for a patient who was suffering from burn injuries to approximately 18 percent of his body surface area at the time of transport. The provider transported the patient from the sending facility to a higher-level facility that could provide burn care facilities.

2. A statement that the patient was transported a total of 379 loaded and unloaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider's helicopter air ambulances were safely airborne in just approximately 13 minutes after the provider's flight crew accepted the transport request.

5. A statement that the pilot has 17 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized an Airbus Rotor Wing.

7. A statement that the point of pickup is outside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that ground transport estimated travel time of 180 minutes by ground versus 93 minutes by air.

9. A statement that the initiating party's record of their good faith efforts to enter network agreements supports the provider's offer.

10. A curriculum vitae details the provider's education and extensive experience.

11. Clinical documentation details the transport, and the care provided.

12. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $17,555.81 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $15,404.29, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $37,707.98 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5901274 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5901274 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/04/2026
**IDR reference number:** DISP-5901275

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5901275** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$68,259.20** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026022CF2104 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $68,259.20

Anthem Inc. submitted an offer of $28,769.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $68,259.20 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $68,259.20 and provided the following information:

1. A statement that the provider's offers are identical to the median inflation-adjusted base and per-mile rates that the plan agreed to pay for out-of-network (OON) services in 2021.

2. A statement that the provider and its staff are nationally recognized for the superior quality of care that they provide. The provider invests heavily in its team of skilled medical clinicians, pilots, and aviation mechanics at all its bases.

3. The curriculum vitae of the crew on board and a statement indicating that the pilot has 32 years of flight experience, and the clinicians hold multiple certifications and licensures including Basic Life Support (BLS), Advanced Cardiac Life Support (ACLS), Pediatric Advanced Life Support (PALS), Neonatal Resuscitation Program (NRP), Prehospital Trauma Life Support (PHTLS), and Trauma Nursing Core Course (TNCC).

4. A statement that the provider's high-quality and well-equipped aircraft permits the crew to deliver a high level of care to its patients. The patient was transported in an Airbus Rotor Wing aircraft, which features key safety features, useful load capacity, and a 157 miles per hour cruise speed.

5. A statement that the provider had long-time network agreements with the plan, but unfortunately, the plan's refusal to negotiate updated contractual terms or pay market rates for services required the provider to become an out-of-network provider.

6. A statement that the aircraft had to travel a total of 379 miles to transport the patient from the rural pickup point to the receiving facility.

7. A statement that the plan's market share in the state is approximately 76 percent, making it the largest commercial insurer in that region.

8. Clinical information included indicates emergency medical services responded to a request for service from a facility to provide emergency air ambulance service to the patient suffering from burn injuries. On the day of transport, the patient was working on a motorcycle with a friend when gasoline spilled from an unknown source and ignited. Upon evaluation at the sending facility's emergency department, the patient was

found to have second-degree burns bilaterally to his hands and forearms, representing approximately 18 percent of his total body surface area. Due to the severity of the patient's condition and the need for advanced equipment and care that exceeded the care provided by ground ambulance providers, the attending physician determined that the patient required immediate air ambulance transport for time-sensitive emergency care, including burn care services that were unavailable at the rural sending facility. The air ambulance team arrived promptly and conducted a comprehensive pre-transport patient assessment, including vital signs and neurological, respiratory, cardiovascular, and cardiac assessments. During transport, the team applied cardiac monitoring, administered intravenous fentanyl for pain management with noted improvement, closely monitored the patient's condition, and remained prepared to address any emergent patient needs. From the time of initial assessment through completion of transport, the patient required treatment and continuous monitoring by the flight crew.

The non-initiating party, Anthem Inc., provided an offer of $28,769.00 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $28,769.00, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $68,259.20 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5901275 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5901275 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 4, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-6243680

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6243680** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$27,961.60** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026015FL6944 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $27,961.60

Anthem Inc. submitted an offer of $7,837.68

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about January 5, 2026, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population

density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6243680 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6243680 was PHI Health, LLC. The initiating party's NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5901621

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5901621** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$37,707.98** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026023EO8958 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $37,707.98

Anthem Inc. submitted an offer of $17,211.58

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $37,707.98 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $37,707.98 and provided the following information:

1. A statement that the provider provided critical air ambulance services for a patient who was suffering from a heart attack at the time of transport. The provider transported the patient from the sending facility to a higher-level facility that provided interventional cardiology services.

2. A statement that the patient was transported a total of 29 loaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider’s helicopter air ambulances were safely airborne in just approximately 13 minutes after the provider’s flight crew accepted the transport request.

5. A statement that the pilot has 19 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized an Airbus Rotor Wing.

7. A statement that the point of pickup is outside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that ground transport estimated travel time of 58 minutes versus 22 minutes by air.

9. A statement that the initiating party's record of their good faith efforts to enter network agreements supports the provider's offer.

10. A curriculum vitae details the provider's education and extensive experience.

11. Clinical documentation details the transport and the care provided.

12. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $17,211.58 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $15,404.29, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $37,707.98 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5901621 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5901621 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5901622

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5901622** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$20,560.00** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026023EO8958 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $20,560.00

Anthem Inc. submitted an offer of $8,665.36

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $20,560.00 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $20,560.00 and provided the following information:

1. A statement that the provider provided critical air ambulance services for a 42-year-old patient suffering from a heart attack at the time of transport. Furthermore, the patient required immediate air ambulance transport for time-sensitive emergency care including pediatric neurosurgery services that were unavailable at the sending facility.

2. A statement that the patient was transported a total of 50 loaded and unloaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider's helicopter air ambulances were safely airborne in just approximately 13 minutes after the provider's flight crew accepted the transport request.

5. A statement that the pilot has 19 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized an Airbus Rotor Wing.

7. A statement that the point of pickup is outside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that ground transport estimated travel time of 58 minutes by ground versus 22 minutes by air.

9. A statement that the initiating party's record of their good faith efforts to enter network agreements supports the provider's offer.

10. A curriculum vitae details the provider’s education and extensive experience.

11. Clinical documentation details the transport, and the care provided.

12. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $8,665.36 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $8,665.36, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $20,560.00 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5901622 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5901622 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/17/2026
**IDR reference number:** DISP-5990657

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5990657** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$37,707.98** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026033EM5798 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $37,707.98

Anthem Inc. submitted an offer of $30,379.86

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $37707.98 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, "PHI accredits its programs through the Commission on Accreditation of Medical Transport Systems ("CAMTS"). This includes the PHI program that transported the Patient. CAMTS is a non-profit organization dedicated to improving the quality and safety of medical transport services. CAMTS's 19 member organizations include leading medical professional societies. CAMTS's accreditation standards are rigorous and include many standards governing quality of care. A majority of states in which PHI does business do not require CAMTS accreditation. PHI voluntarily meets these rigorous standards demonstrates PHI's superior quality of care." This information is given some weight. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, the patient's acuity, as evidenced by the initiating party's submission of medical records dated 01/23/2026. This information is given significant weight. The non-initiating party stated, "Anthem's offer was carefully tailored to consider the complexity of the services provided, ensuring that the reimbursement aligns with the severity of the treatments. After reviewing the case, the proposed offer was determined to be appropriate." This information is given minimal weight. This acuity factor impacted the payment determination.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, the level of training and experience as evidenced by the initiating party's submission of each rendering provider's curriculum vitae. This information is given significant weight. The non-initiating party stated, "These quality standards are therefore already reflected in Anthem's QPA." This information is given minimal weight.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, "A list of equipment that PHI carries on this aircraft is attached as Exhibit 14." This information is given some weight. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, "PHI picked up Patient Sides at zip code 41858. This is a rural area located in Letcher County, Kentucky. Letcher County had a population of 21,548 as reported in the 2020 Census. This point of pickup is outside a Metropolitan Statistical Area (MSA). Letcher County had a population density of 64.00 people per square mile compared to 75.49 people per square mile within the Kentucky Non-MSA Region as a whole. Thus, the pickup location was less densely populated than the geographic region used to determine the QPA." This information is given some weight. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, per their provided proof of good faith efforts to enter into a network agreement or contracted rates within the previous 4 plan years, as evidenced by documentation dated 05/08/2024 presented by the initiating party. This information is given some weight. The non-initiating party stated, "We welcome negotiations with providers who ensure affordable healthcare for our members by offering reasonable rates." However, the non-initiating party did not provide proof of efforts made to enter into a network agreement specific to the initiating party within the past 4 plan years. This information is given no weight.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The non-initiating party stated provided copies of previous Federal dispute resolution forms. This is not considered historical rates. This information is given no weight. The initiating party did not submit this information.

The QPA was given minimal weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-5990657 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5990657 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 17, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/09/2026
**IDR reference number:** DISP-5990658

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5990658** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$69,081.60** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026033EM5798 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $69,081.60

Anthem Inc. submitted an offer of $20,333.04

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $69081.6 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, "PHI and its staff are nationally recognized for the superior quality of care that they provide. CAMTS's members include the American College of Surgeons, American College of Emergency Physicians, Emergency Nurses Association, National Association of State EMS Officials, American Association of Critical Care Nurses, American Academy of Pediatrics, National Association of EMS Physicians, and the American Association for Respiratory Care." This information is given some weight. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, "Credible evidence demonstrates that Patient Nedra Sides both was suffering from an acute medical condition and required complex care from PHI." This information is given some weight. This acuity factor impacted the payment determination. The non-initiating party did not submit this information.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, To treat Patient Sides, PHI leveraged its team of pilots and clinicians, whose credentials, training, and experience exceed licensing requirements. Another important quality metric is the safety of PHI's flights. As of March 2025, PHI has experienced zero accidents in the last eight years. This information is given significant weight. The non-initiating party did not submit this information.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, "Rotor wing air ambulance services are billed under two codes." This information is given some weight. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, "Due to the patient's rural location, the QPAs also fail to account for the substantial distance PHI had to travel without the patient onboard and the heightened benefit to the patient of air ambulance transport. PHI treated and transported Patient Sides from Whitesburg ARH Hospital to University of Cincinnati Medical Center." This information is given some weight. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, "PHI is a network provider for multiple major payors; and PHI has engaged—and remains engaged—in ongoing negotiations with payors to increase its number of network agreements." This information is given some weight. The non-initiating party did not submit this information.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The QPA was given minimal weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-5990658 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5990658 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 9, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/30/2026
**IDR reference number:** DISP-6198382

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6198382** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$43,123.60** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026045CJ1877 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $43,123.60

Anthem Inc. submitted an offer of $19,843.30

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

The following enumerated factors (FACTORS) were taken into consideration AND GIVEN THE WEIGHT EXPLAINED IN GREATER DETAIL BELOW IN RENDERING THIS DETERMINATION:

The Initiating Party provided certain information in its Initiating Party Notice of Offer (and supporting materials, exhibits, and briefs) on:

1. The Qualifying Payment Amount (QPA) for the applicable year for the qualified Independent Dispute Resolution (IDR) item or service [HERE $19843.30]

2. The quality and outcomes measurements of the provider of air ambulance services that furnished the services [HERE there is no apparent issue as to quality or outcomes measurements of the provider between the parties].

3. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee [HERE there is no apprenticeship issue that the acuity of the member's medical condition warranted the provision of air ambulance services].

4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services [HERE there is no apparent dispute pertaining to the licensure and certification of the air ambulance service healthcare providers].

5. The air ambulance vehicle type, including the clinical capability level of such vehicle [HERE a rotor wing air ambulance], whether the air ambulance is fixed-wing or rotary wing, only to the extent that the information is not already taken into account by the QPA.

• credible information on the air ambulance vehicle type and the vehicle's level of clinical capability only to the extent not already taken into account by the QPA.

6. The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier) [HERE rural].

• The QPA for the geographic regions used to calculate the QPA may already reflect the population density of the pick-up location. Nevertheless, in certain circumstances, the QPA for air ambulance services may not adequately capture the population density due to additional distinctions, such as between metropolitan areas within a state or between rural and frontier areas.

7. Demonstrations of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years [HERE the parties apparently attempted to engage in a long-term agreement but were unable to due to pricing issues].

• Credible information about demonstrations of good faith efforts (or lack thereof) made by the nonparticipating provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan, as applicable, during the previous 4 plan years.

The Non-Initiating Party provided certain information in its Non-Initiating Party Notice of Offer (and supporting materials, exhibits, and briefs) on:

1. The QPA for the applicable year for the qualified IDR item or service [HERE $19843.30]

4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services [HERE there is no apparent dispute pertaining to the licensure and certification of the air ambulance service healthcare providers].

5. The air ambulance vehicle type, including the clinical capability level of such vehicle [HERE a rotor wing air ambulance], whether the air ambulance is fixed-wing or rotary wing, only to the extent that the information is not already taken into account by the QPA.

• credible information on the air ambulance vehicle type and the vehicle’s level of clinical capability only to the extent not already taken into account by the QPA.

6. The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier) [HERE rural].

• The QPA for the geographic regions used to calculate the QPA may already reflect the population density of the pick-up location. Nevertheless, in certain circumstances, the QPA for air ambulance services may not adequately capture the population density due to additional distinctions, such as between metropolitan areas within a state or between rural and frontier areas.

7. Demonstrations of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years [HERE the parties apparently attempted to engage in a long-term agreement but were unable to due to pricing issues].

• Credible information about demonstrations of good faith efforts (or lack thereof) made by the nonparticipating provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan, as applicable, during the previous 4 plan years.

A finding was made for the Initiating Party. After a complete and careful consideration of the offers made by the Parties, the QPA, and other credible information submitted, and after applying the No Surprises Act statutory provisions, the Initiating Party's offer best represents the value of the service that is the subject of this unique payment determination. Both the Initiating Party and Non-Initiating Party submitted credible information. The information demonstrates that the QPA does not adequately take into account the quality and outcomes measurements of the provider of air ambulance services that furnished the services, the acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee, the level of training, experience, and quality of medical personnel that furnished the air

ambulance services, the air ambulance vehicle type, including the clinical capability level of such vehicle, whether the air ambulance is fixed wing or rotary wing only to the extent that the information is not already taken into account by the QPA, credible information on the air ambulance vehicle type and the vehicle's level of clinical capability only to the extent not already taken into account by the QPA, the population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier), the QPA for the geographic regions used to calculate the QPA may already reflect the population density of the pick-up location, the population density, due to additional distinctions, such as between metropolitan areas within a state, or between rural and frontier areas, demonstrations of good faith efforts (or lack of thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years, or credible information about demonstrations of good faith efforts (or lack thereof) made by the nonparticipating provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan, as applicable, during the previous 4 plan years. SIGNIFICANT WEIGHT was given to enumerated Factors 2, 3, 4, and 5 above; MODERATE WEIGHT was given to enumerated Factors 1, 6, and 7 above, in reaching this determination. The Initiating Party's offer best represents the value of services that are the subject of this payment determination.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6198382 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6198382 was PHI Health, LLC. The initiating party’s NPI is 1033459524. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 30, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/22/2026
**IDR reference number:** DISP-6038765

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6038765** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$37,707.98** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026045CI3644 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $37,707.98

Anthem Inc. submitted an offer of $30,379.86

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

At issue is payment for ambulance service, conventional air services, transport, one way (rotary wing) (A0431).

45 Code of Federal Regulations (CFR) Section 149.510, sets forth that offers must be submitted not later than 10 business days after the selection of the certified IDR entity (IDRE). The plan or issuer and the provider, facility, or provider of air ambulance services must each submit to the certified IDRE an offer of an out-of-network rate expressed as both a dollar amount and the corresponding percentage of the qualifying payment amount represented by that dollar amount.

IDR Guidance for Certified IDREs (March 2023) details that if, by the deadline for the parties to submit offers, one party has not submitted an offer, the certified IDRE will select the other party's offer as the final payment amount.

The IDRE requested the offer and fee payments on May 5, 2026. However, the IDRE did not receive payment from the non-initiating party. As a result, we are only able to consider the offer submitted by the initiating party to make a final determination. An offer was received from the initiating party for $37,707.98 for code A0431. Therefore, the IDRE determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6038765 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6038765 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-6038766

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6038766** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$44,820.80** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026045CI3644 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $44,820.80

Anthem Inc. submitted an offer of $12,563.34

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

At issue is payment for rotary wing air mileage, per statute mile (A0436).

45 Code of Federal Regulations (CFR) Section 149.510, sets forth that offers must be submitted not later than 10 business days after the selection of the certified IDR entity (IDRE). The plan or issuer and the provider,

facility, or provider of air ambulance services must each submit to the certified IDRE an offer of an out-of-network rate expressed as both a dollar amount and the corresponding percentage of the qualifying payment amount represented by that dollar amount.

IDR Guidance for Certified IDREs (March 2023) details that if, by the deadline for the parties to submit offers, one party has not submitted an offer, the certified IDRE will select the other party's offer as the final payment amount.

The IDRE requested the offer and fee payments on May 5, 2026. The IDRE did not receive payment from the non-initiating party. As a result, we are only able to consider the offer submitted by the initiating party to make a final determination. An offer was received from the initiating party for $44,820.80 for code A0436. Therefore, the IDRE determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6038766 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6038766 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/17/2026
**IDR reference number:** DISP-5990657

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5990657** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$37,707.98** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026033EM5798 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $37,707.98

Anthem Inc. submitted an offer of $30,379.86

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $37707.98 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, "PHI accredits its programs through the Commission on Accreditation of Medical Transport Systems ("CAMTS"). This includes the PHI program that transported the Patient. CAMTS is a non-profit organization dedicated to improving the quality and safety of medical transport services. CAMTS's 19 member organizations include leading medical professional societies. CAMTS's accreditation standards are rigorous and include many standards governing quality of care. A majority of states in which PHI does business do not require CAMTS accreditation. PHI voluntarily meets these rigorous standards demonstrates PHI's superior quality of care." This information is given some weight. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, the patient's acuity, as evidenced by the initiating party's submission of medical records dated 01/23/2026. This information is given significant weight. The non-initiating party stated, "Anthem's offer was carefully tailored to consider the complexity of the services provided, ensuring that the reimbursement aligns with the severity of the treatments. After reviewing the case, the proposed offer was determined to be appropriate." This information is given minimal weight. This acuity factor impacted the payment determination.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, the level of training and experience as evidenced by the initiating party's submission of each rendering provider's curriculum vitae. This information is given significant weight. The non-initiating party stated, "These quality standards are therefore already reflected in Anthem's QPA." This information is given minimal weight.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, "A list of equipment that PHI carries on this aircraft is attached as Exhibit 14." This information is given some weight. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, "PHI picked up Patient Sides at zip code 41858. This is a rural area located in Letcher County, Kentucky. Letcher County had a population of 21,548 as reported in the 2020 Census. This point of pickup is outside a Metropolitan Statistical Area (MSA). Letcher County had a population density of 64.00 people per square mile compared to 75.49 people per square mile within the Kentucky Non-MSA Region as a whole. Thus, the pickup location was less densely populated than the geographic region used to determine the QPA." This information is given some weight. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, per their provided proof of good faith efforts to enter into a network agreement or contracted rates within the previous 4 plan years, as evidenced by documentation dated 05/08/2024 presented by the initiating party. This information is given some weight. The non-initiating party stated, "We welcome negotiations with providers who ensure affordable healthcare for our members by offering reasonable rates." However, the non-initiating party did not provide proof of efforts made to enter into a network agreement specific to the initiating party within the past 4 plan years. This information is given no weight.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The non-initiating party stated provided copies of previous Federal dispute resolution forms. This is not considered historical rates. This information is given no weight. The initiating party did not submit this information.

The QPA was given minimal weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-5990657 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5990657 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 17, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**Payment determination date:** 06/17/2026
**IDR reference number:** DISP-6107659

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6107659** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, National Medical Reviews, Inc. has determined that the out-of-network payment amount of $29,606.40 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026049DB4025 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
National Medical Reviews, Inc. did not receive an offer and/or fees from Anthem Inc. . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6107659 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6107659 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 17, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-6281957

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6281957** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$50,988.80** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026049DB3202 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $50,988.80

Anthem Inc. submitted an offer of $32,235.13

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about February 8, 2026, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population

density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6281957 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6281957 was PHI Health, LLC. The initiating party's NPI is 1861758914 and TIN is 009093867. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-6106383

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6106383** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$37,707.98** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026048ES8785 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $37,707.98

Anthem Inc. submitted an offer of $30,379.86

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined

such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Quality Outcomes;(2) Acuity of condition, complexity of services;(3) Training, experience and quality (necessary to treat the condition);(4) Ambulance vehicle type

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IDRE notes that the NIP (Health Plan) submitted an objection to the eligibility of the dispute along with a substantive brief addressing the statutory factors and/or additional information. The IDRE has overruled the NIP's objection based on the evidence (or lack thereof) provided by the parties.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Anthem Inc. is the non-prevailing party in DISP-6106383 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6106383 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-6106385

Keystone Peer Review Organization, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6106385** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Keystone Peer Review Organization, Inc. has determined that the out-of-network payment amount of **$15,625.60** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026048ES8785 under this dispute.

Keystone Peer Review Organization, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $15,625.60

Anthem Inc. submitted an offer of $4,379.88

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After reviewing the evidence and payment offers, Keystone Peer Review Organization, Inc. has concluded that the PHI Health, LLC's proposed amount of $15625.6 for service code A0436 most accurately reflects the value of the eligible IDR services in dispute. As a result, Keystone Peer Review Organization, Inc. finds in favor of the PHI Health, LLC.

In reaching this decision, Keystone Peer Review Organization, Inc. followed the criteria set forth in 45 CFR Section 149.510, which requires consideration of:

• The qualifying payment amount (QPA) for the relevant year for comparable items or services.

• Any additional information provided by the parties related to:

The quality and outcomes measurements of the provider that furnished such services.

The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

The training, experience, and quality of the medical personnel that furnished such services Ambulance vehicle type, including the clinical capability level of such vehicle.

Population density of the pick-up location (such as urban, suburban, rural, or frontier).

Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years.

Additional information submitted by a party.

The initiating party, PHI Health, LLC provided an offer of $15625.60 and provided the following additional information:

1. A statement that PHI's medical personnel, including pilots, aviation mechanics, nurses, and paramedics, undergo rigorous training and possess extensive experience, often exceeding federal and industry standards. Pilots complete 99-176 hours of initial training and 63-67 hours annually, including simulation and full-down autorotation. Clinicians receive 108 classroom hours, 100 days of supervised training, and are required to obtain board certifications (CFRN, FP-C) within 24 months, alongside annual education and practical assessments. For Patient Cavins, the PHI team, comprising a critical care registered nurse (CFRN) and a critical care paramedic (FP-C), provided advanced in-transit care, including ventilator management and medication administration, ensuring the patient's condition remained stable during transport.

2. A statement that population density of the pick-up location is a relevant factor for determining the out-of-network (OON) rate, with payors like Medicare recognizing the need for higher reimbursement in rural areas. PHI picked up Patient in Union County, Kentucky (zip code 42437), a rural area outside a Metropolitan Statistical Area with a population density of 38.00 people per square mile, which is less dense than the Kentucky Non-MSA Region average. Air transport was significantly faster (25 minutes) than ground transport (56 minutes) for this location. The Qualifying Payment Amounts (QPAs) are considered unreliable as they fail to adequately account for such low population density and do not compensate for the substantial unloaded miles (111.7 miles) required to reach rural pick-up points, as QPAs are based solely on loaded miles.

3. A statement that PHI's quality and outcome measurements demonstrate superior care, timely service, and an exemplary safety record, supporting its offered out-of-network rates. PHI has received multiple national awards, maintains voluntary CAMTS accreditation, and consistently meets or exceeds industry benchmarks in the GAMUT Collaborative for patient outcomes and safety. In 2025, PHI's aircraft were available for immediate response 95.3% of the time, with an average airborne time of 12 minutes and 57 seconds for emergency transports. PHI has experienced zero accidents in the last eight years (as of March 2025), with

accident and fatality rates significantly lower than its three largest competitors, attributed to substantial investments in safety technology and protocols. These superior metrics indicate that PHI's services are of higher value than what the Qualified Payment Amounts (QPAs) likely reflect, as QPAs are based on rates for a potentially lower caliber of service.

4. A statement that the patient, a 57-year-old male, presented with critical respiratory distress and respiratory failure, necessitating immediate and complex care. His condition, classified as "Critical (Red)," required intubation with a 7.5 ETT, mechanical ventilation, and continuous monitoring due to declining status, continuous movement, and hypotension. PHI's medical team administered medications including Etomidate, Succinylcholine, Vecuronium, Propofol, Norepinephrine, Albuterol, NS, and Fentanyl for sedation, blood pressure management, and pain. The transport was an inter-facility transfer to a higher level of care for advanced ventilator management, pulmonology, and intensive care services unavailable at the sending facility. This time-sensitive emergency required two critical care providers and specialized equipment like an infusion pump, mechanical ventilator, oxygen, and Zoll monitor, exceeding the scope of ground transport services.

5. A statement that PHI has demonstrated good faith efforts to enter into network agreements nationwide, being a network provider for multiple major payors and actively engaging in ongoing negotiations to expand its network. However, commercial payors frequently refuse to negotiate rates that reasonably value PHI’s services, with negotiation offers in 2023 and 2024 being significantly lower than rates selected by IDR entities for similar services. This record of good faith efforts supports selecting PHI’s offer as the appropriate out-of-network rate.

6. A statement that PHI utilized an Airbus Rotor Wing EC135P2+ (H135) aircraft (tail number N370PH) for Patient, which offers a 157 mph cruise speed, 393-mile range, 3,124 lb. useful load capacity, and safety features like a rupture-resistant fuel line. This aircraft, configured for EMS with a 54-inch clam shell door, accommodates one pilot and up to three clinicians. PHI's air ambulances are equipped to exceed state and federal requirements, providing all five CAMTS levels of care (Basic, Advanced, Emergency Critical, Intensive, and Specialty Care) with specialized equipment such as Zoll Monitors, Hamilton T1 ReVel ventilators, fetal heart monitors, Cardiosave devices, neonatal isolettes, universal blood products, and a range of pharmaceuticals. PHI's offer accounts for the value of this clinical equipment and medical supplies, which are not separately billable and are not reflected in static QPAs, thus supporting a higher out-of-network rate.

7. A statement that PHI's offers are supported by expert attestations from its CFO, Revenue Cycle Manager, Medical Director (board-certified in emergency medicine, Clinical Instructor, AMPA Board member), and Co-President. PHI critiques the QPA as unreliable and artificially low, citing Anthem Blue Cross and Blue Shield Kentucky's failure to disclose calculation details (e.g., number of contracts, fee-for-service basis, exclusion of incentive payments) in violation of regulations. PHI argues the QPA does not account for its superior services, the patient's critical condition, the rural pickup location (Union County, KY, less dense than the QPA's broader geographic region), or 112 unloaded miles flown. Anthem's 76% market share in Kentucky likely resulted in below-market contracted rates, further skewing the QPA, and federal courts have ruled against presuming QPAs are appropriate. PHI's offers align with inflation-adjusted median rates paid by Blue Cross Blue Shield Companies ($37,707.98 base, $411.20 mile) and are lower than the national median paid by all commercial plans ($39,151.41 base, $423.10 mile) for 2021 out-of-network transports. PHI boasts a superior safety record (0.0 accidents/fatalities per 100,000 hours, 2017-2024), national recognition (Vision Zero Award), a costly fleet of backup aircraft, and has made good faith efforts to enter network agreements despite payors offering significantly lower rates (51-63% of IDR-selected rates). PHI's prior contracted rates with Blue Cross Blue Shield Companies also support its current offers, and it has invested $4,810,328 in two-axis autopilot systems.

The non-initiating party, Anthem Inc. provided an offer of $4379.88 and provided the following additional information:

1. A statement that Anthem's offer of 150% of the QPA is supported by comprehensive market data, including FAIR Health® Allowed Benchmark data and Machine-Readable Files (MRF), and aligns with typical acceptance rates from other commercial carriers. The QPA, is a median in-network rate based on regional and specialty standards, adequately reflects patient acuity and service complexity, and already incorporates provider quality standards and credentialing. Anthem also considers modifiers (e.g., 51, 52, 62 for reduced utilization; 22, 50 for increased services) as established components of reimbursement. The Initiating Party's pre-NSA market leverage led to high out-of-network rates, which are not justified by their current market share, and that their requested amount (510% of QPA) is excessive. Anthem's offer was tailored to the complexity of services, and they maintain an open invitation for good faith negotiations.

The IDRE reviewed both parties' submissions and considered all required factors under the NSA. NIP's offer does not adequately account for the value of the services provided. The IP provided credible support for its proposed rate, which more appropriately reflects the complexity and circumstances of the services rendered in this case. Therefore, the IDRE finds in favor of the IP.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Keystone Peer Review Organization, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6106385 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6106385 was PHI Health, LLC. The initiating party's NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Keystone Peer Review Organization, Inc.. Include your IDR Reference number referenced above.

Thank you,

Keystone Peer Review Organization, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6335605

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6335605** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$37,707.98** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026059BS5011 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $37,707.98

Anthem Inc. submitted an offer of $15,404.29

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about February 17, 2026, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6335605 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6335605 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6336105

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6336105** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$37,707.98** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026063CN0298 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $37,707.98

Anthem Inc. submitted an offer of $15,404.29

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about February 28, 2026, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6336105 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6336105 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6336106

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6336106** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$37,830.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026063CN0298 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $37,830.40

Anthem Inc. submitted an offer of $23,916.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about February 28, 2026, with a pick-up location in Kentucky.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6336106 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6336106 was PHI Health, LLC. The initiating party’s NPI is 1861758914. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*